Cox v. Cox.

## Cox, *Appellant*, v. Cox *et al.*

1. **Practice**: ACTION TO CONTEST VALIDITY OF WILL. In a proceeding in the circuit court to contest the validity of a will, or to have a will proved which has been rejected, the only issue that can be tendered or tried is whether or not the writing produced be the will of the testator.

2. ——— : ———. It is error for the court in such proceeding to construe or interpret the will or any of its provisions or to distinguish between valid and void dispositions.

3. ——— : ———. If the will be properly executed and proved, it must be admitted to probate, although it contain no provision capable of execution, or valid under the law.

4. ——— : ———. The establishment of the instrument as the will of the testator in no way impairs the rights of any one desiring to test the legality of its provisions which may be done in an appropriate proceeding.

*Appeal from Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED.

*Boyd & Delaney* for appellant.

(1) The will was not properly attested and must be vacated. 1 Kent, pp. 461, 462, 463 and 464.

(2) Thomas Cox, the son of John B. Cox, deceased, is not named in or provided for by the will, and as to him his father died intestate. R. S. 1879, sec. 3969. (3) If it be held that naming is not necessary, still it must affirmatively appear from inspection of the will that Thos. E. Cox was in the mind of the testator and was intentionally excluded, and not accidentally omitted. *Wetherall v. Harris*, 51 Mo. 65; *Pounds v. Dale*, 48 Mo. 270. (4) The devise to the grandchildren and mention of "family" does not show affirmatively, that Thomas E. Cox was in the mind of the testator. *Guitar v. Gordon*, 17 Mo. 411; *Bradley v. Bradley*, 24 Mo. 314; *Hargadine v. Pulte*, 27 Mo. 423; *Pounds v. Dale*, 48 Mo. 270; *Wetherall v. Harris*, 51 Mo. 65.

*Silsby & Buckley* for respondents.

(1) On the will itself it is sufficient that proof be made in the probate court; it is taken by the court or by the clerk in vacation. R. S. 1879, secs. 3962, 3972, 3976; 4 Kent's Com. [12 Ed.] p. 515; 1 Cooley's Black. Com. top p. 377, latter part of notes 5 and 7. (2) The use of the words "grandchildren" and "family" (plaintiff being one of the class named) upholds the will as against him. *Hockensmith v. Slusher*, 26 Mo. 237; *Block v. Block*, 3 Mo. 595; *Guitar v. Gordon*, 17 Mo. 408; *Pounds v. Dale*, 48 Mo. 270. (3) Appellant is one of the family, and a bequest to the family is good, and evidence as to what the family is is admissible, *Hall v. Stephens*, 65 Mo. 670.

BRACE, J.—On the twenty-third of August, 1886, the following instrument of writing purporting to be the last will and testament of J. B. Cox, deceased, was admitted to probate in the probate court of Greene county:

"SPRINGFIELD, Mo., August 19, 1886.

"Know all men by these presents that I, J. B. Cox, of Springfield, Missouri, do hereby state that I am a man of sound mind and in the full enjoyment of my full senses. I hereby bequeath to my grandchildren all my property hereinafter named, viz.: Namely, one hundred and twenty-one feet upon Campbell street, one hundred and ninety-six and one-half feet deep, after all my funeral expenses and debts are paid. The balance to go to the family, and I further agree to make John Foley my legal executor of this my last will and testament.                  J. B. Cox.

"Attest                       W. W. Smith,
                              "M. E. Holley."

On the eleventh day of November, 1886, the plaintiff instituted this suit. His petition, after setting out the probate of said instrument by the probate court, states "that plaintiff, Thomas E. Cox, at the time of the death of said John B. Cox, was and now is the only child of said John B. Cox. That said order and decree of the probate court aforesaid should be adjudged null and void and said pretended will rejected for these reasons: That said paper pretending to be the will of said John B. Cox, deceased, is not in fact such will, because it is not executed and attested in manner and form prescribed by law. Because plaintiff who is the only child of said John B. Cox, deceased, is not mentioned in said pretended will. Plaintiff further states that defendants are the pretended devisees in said pretended will and are the only persons interested in the subject-matter of this proceeding; that they are both minors. Wherefore plaintiff contests the validity of said pretended will, and prays the court to set aside said order of said probate court and reject said pretended will and for other and further relief."

The defendants answered by guardian, denying the allegations of the petition, except that deceased was the

Cox v. Cox.

owner of the real estate mentioned in the petition, and that he willed the same to the defendants. A jury being waived, an issue was framed "whether the writing produced and contested by petitioner as invalid be the will of John B. Cox, deceased." The case was submitted to the court on an agreed statement of facts, and the evidence of the attesting witnesses taken on the probate in the probate court. And the court made a finding and rendered judgment as follows : "And the court upon the evidence finds that said instrument produced is the will of said John B. Cox, deceased. That said John B. Cox did not die intestate as to plaintiff, and that said contestant, Thomas E. Cox, was sufficiently named in said will. It is, therefore, considered by the court that said instrument is, and the same is hereby declared to be, the last will and testament of John B. Cox, deceased; that plaintiff take nothing," etc. From which judgment the plaintiff appeals.

In a proceeding in the circuit court to contest the validity of a will, or to have a will proved, which has been rejected, the statute prescribes the issue that shall be tried, and that issue is "Whether the writing produced be the will of the testator or not." R. S. 1879, sec. 3980. And, in such a proceeding, this is the only issue that can be tendered or tried. This was, and could be, the only issue tendered in the petition in this case. The field of inquiry upon this issue was limited by the specific allegation to a single particular wherein the instrument failed to be his will, and that was "that it was not executed and attested in manner and form prescribed by law." The issue thus limited was fully met when the will was produced, and it was shown that it was signed by the testator and attested as the law required by two witnesses, who subscribed their names thereto in the presence of the testator. Sec. 3962. The allegation in the petition that "plaintiff is the only child of the said John B. Cox, deceased, and is not mentioned in the will, was not germane to the issue to

be tried ; it tendered an issue that could not be tried in this proceeding, an issue that went to the effect of the will when established, and not to the issue whether the will should be established as the will of the testator or not. The question at issue was purely one of probate; whether the instrument should be probated or rejected as the last will and testament of the deceased in solemn form, in the only manner provided in our statute upon contest in the circuit court in an action to which all parties in interest are made parties.

" It is no part of the proceeding on probate to construe or interpret the will or any of its provisions, or to distinguish between valid and void, rational and impossible dispositions ; if the will be properly executed and proved, it must be admitted to probate, although it contain not a single provision capable of execution, or valid under the law. Hence the probate does not establish the validity of any of its provisions ; this is to be determined by the courts of construction when any question arises requiring their interposition." 1 Woerner, sec. 228, p. 502.

This is the uniform doctrine both in this country and in England. The only case we have been able to find which countenances a departure therefrom is the case of *Kenrick v. Cole*, 61 Mo. 572, in which the action of the circuit court in refusing to establish a clause of a will on the ground that it was in violation of the constitution was sustained. Without stopping to distinguish that from the case in hand, we confess our inability to see how that case can be sustained either on principle or authority. The only authority cited by the learned judge, who wrote the opinion, is Redfield. In the opinion he says : "There is no direct precedent bearing upon the question in this state. Redfield says that it is customary in the English practice to exclude portions of the will from probate, where they do not legitimately belong to the instrument, as, for instance, when

they are *illegal* or fraudulent, and he is of the opinion that there is no reason why the same course should not be pursued here."

The word *illegal*, which we have placed in italics, indicates wherein the opinion goes beyond the authority cited. What Redfield does say is that "It is customary to exclude portions of the will from probate when they do not legitimately belong to the instrument; as for instance, where a particular clause has been inserted by fraud without the knowledge of the testator in his lifetime, or where it is done by forgery after the death of the testator, or where a particular portion of the will has been induced by fraud of the party in whose favor it is; where actual incapacity is shown at the time of making the latter portion of the will." But nothing therein contained warrants the conclusion reached by the learned judge that a clause of a will can on probate be rejected because its provisions cannot be made effective by reason of legal inhibition, constitutional or statute. Nor would the authorities cited by the learned author have justified such a conclusion.

The learned judge does not undertake to maintain the position on principle, but begs the question by saying that, "as a question of plain practical common sense, it is not easy to perceive why a void clause in a will should be probated in order that another proceeding should be instituted to annul it." The point of this observation is dulled, however, by the consideration that there is no necessity whatever for instituting another proceeding to annul that which is already void. If void, it simply confers no rights. The probate of the will does not render its provisions effective, or render one or any of its provisions valid. If any such provisions are in violation of law, the law will not carry them into effect; nevertheless, the testator made them; they are his will, and on probate; whether they are or not is the only question to be decided. And, in this case, the establishment of the instrument as the will of

the testator in no way impairs the rights of the plaintiff as heir-at-law; if he has been pretermitted therein, as he claims, he can enter, defend his possession, or bring his action of ejectment, as the case may be, whenever he chooses. The probate of the will does not stand in his way on that issue. But in the very nature of things that issue cannot be tried in a proceeding designed by the law to ascertain the single fact whether a certain paper is or is not the will of the deceased.

The court committed error in inquiring into and passing upon the question whether plaintiff was named in the will; and as to the testator's dying intestate as to him. The judgment is well enough except for this, and that no question may ever be raised, that that issue was adjudicated in this proceeding, the judgment will be reversed and the cause remanded, with directions to enter up judgment establishing the will, omitting any finding upon that issue. All concur.