OWENS *et al.* v. SINKLEAR *et al.*, *Appellants.*

Division One, May 23, 1892.

Will: DEVISAVIT VEL NON: ADEMPTION OF DEVISE. On the trial of an issue of *devisavit vel non*, no other question, as, *e. g.*, the ademption of a devise, can be tried.

*Appeal from Ralls Circuit Court.* — HON. THOS. H. BACON, Judge.

REVERSED.

*John Megown* and *Clark & Dempsey* for appellants.

This case is controlled by that of *Cox v. Cox*, 101 Mo. 168, and the judgment should be reversed and the cause remanded.

*R. F. Roy* for respondents.

(1) The appellant who alleges error must show it in his abstract. *Craig v. Scudder*, 98 Mo. 664; *Claflin v. Sylvester*, 99 Mo. 276; *Flannery v. Railroad*, 97 Mo. 192; *Hyatt v. Wolfe*, 22 Mo. App. 462; *Disse v. Frank*, 52 Mo. 551; *Snyder v. Hopkins*, 39 Mo. 418. (2) The appellants, in their separate answer, raised the issue of ademption or satisfaction of the devise of one hundred acres to respondent, John C. Keathley, and asked the court to adjudge that said devise had been adeemed and satisfied by the conveyance of the one hundred and fifty acres to respondent by the testator in his lifetime. The appellants, having caused this respondent to suffer great vexation and expense in the litigation of said issue of ademption, were defeated on the trial thereof, and now, for the first time in this court, make the point that it was error in the trial court to try said issue. A party will not be heard to complain of an error adopted by the trial court at his request. *Price v. Breckenridge*, 92 Mo. 378; *Holmes v. Braidwood*, 82 Mo. 610; *Noble v. Blount*, 77 Mo. 235; *Walker v. Owen*, 79 Mo. 563; *Loomis v. Railroad*, 17 Mo. App. 340. (3) Parties in the appellate court are bound by the positions assumed by them in the trial court. *Tomlinson v. Ellison*, 104 Mo. 105; *Jennings v. Railroad*, 99 Mo. 394. (4) No objection was taken in the motion for new trial to the action of the court in assuming to try said issue of ademption. The question cannot be raised for the first time in this court. The question

does not go to the jurisdiction of the court to render a judgment on such issue, but is simply one of procedure and should have been raised in motion for new trial. *Green v. Walker,* 99 Mo. 68; *Atkison v. Dixon,* 96 Mo. 582; *Orr v. Rode,* 101 Mo. 387; *Turner v. Johnson,* 95 Mo. 431.

BRACE, J.—The appellants are all the defendants in the above-entitled cause except John C. Keathley, who is the respondent.

No abstract of the record, such as is required by our rules, has been filed in this case, and, if a timely motion had been made for that purpose, this appeal would have been dismissed for that reason. But, as the case has been submitted, and counsel for respondent has kindly furnished an abstract, which enables us to dispose of the only error complained of, we will avail ourselves of it for that purpose.

It appears from such abstract that Roland Keathley died in Ralls county, Missouri, leaving a last will and testament, dated the third day of May, 1869; that, in April, 1878, said instrument was admitted to probate by the probate court of said county, except the fifth and sixth items, which were rejected; that on the eighteenth day of April, 1878, the plaintiff commenced this suit against the appellants and the respondent herein, making both the appellants and the respondent defendants, for the purpose of setting aside said will on the ground of the incapacity of the testator, and of undue influence.

The defendant, John C. Keathley, who is the respondent herein, filed his separate answer, in which he affirmed that said instrument was the will of said Roland Keathley, and asked that the whole of said instrument be declared to be the will of said Roland Keathley. The other defendants, who are appellants

herein, filed their separate answer in which they denied that said instrument was the will of the said Roland Keathley, and alleged that said Roland Keathley did, on January 21, 1876, convey to said John C. Keathley the said one hundred and fifty acres of land in full satisfaction and discharge of the devise contained in the sixth item of the one hundred acres made in said will to said John C. Keathley, and prayed that said instrument be declared not to be such will, and that said devise of one hundred acres to John C. Keathley be declared null and void as having been adeemed by said Roland Keathley in his lifetime, by the conveyance of said one hundred and fifty acres to said John C. Keathley.

The respondent, John C. Keathley, for reply to the separate answer of the other defendant, filed a general denial.

At the August term, 1889, the circuit court, upon a trial of the issue *"devisavit vel non,"* adjudged said instrument to be the will of said Roland Keathley, and reserved for further trial the question of the ademption or satisfaction of said devise to John C. Keathley in the sixth item of the will.

At the March term, 1890, said court, upon the trial of the said issue of ademption or satisfaction, found in favor of said John C. Keathley, and established said instrument of writing as the last will of the said Roland, including the sixth item, giving the said one hundred acres to John C. Keathley.

The defendants, except the respondent, John C. Keathley, appealed from the judgment of the trial court on both of said issues.

The only error complained of is the action of the court in trying and making a finding upon the issue of ademption interjected into the case by the appellants over the objection of the respondent. As this action,

of the court was clearly erroneous (*Cox v. Cox*, 101 Mo. 168; *Lilly v. Tobbein*, 103 Mo. 477), the judgment, so far as the finding on that issue is concerned, will be set aside, and for naught held, and in all other respects will be affirmed, and the costs of this appeal taxed against the appellants. All concur, except BARCLAY, J., who dissents.