[No. 3500.   Decided March 22, 1901.]

FANNIE MONTROSE, *Appellant,* v. JOHN BYRNE, *Executor, Respondent.*

WILLS — PROBATE — QUESTIONS COGNIZABLE.

Questions as to the construction of a will and as to the vesting of the property mentioned in it are not cognizable in a proceeding to have the will established in probate, the only question for consideration in such a proceeding being the validity of the will.

Appeal from Superior Court, Thurston County.—Hon. OLIVER V. LINN, Judge.   Affirmed.

*T. L. Bland,* for appellant.

*Troy & Falknor,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—In July, 1899, Apollonia Hoffman died in Pierce county.   She was at the time a resident of Thurston county.   About three weeks prior to her death she executed her will.   The will, in substance, devised her estate, real and personal, with the exception of one bequest of $100 to a granddaughter, to the appellant, a married daughter, for life, with the remainder to two nieces of the testatrix, and appointed respondent executor, without bonds, and with full power to administer the estate without the intervention of the probate court.   In September,

1899, the will was offered for probate by the respondent, after notice, and the appellant appeared and objected to the admission of the will to probate. Appellant set out in her objections that she was the sole surviving heir of the deceased; that deceased could not read or well understand the English language; that the deceased was not of sound mind and competent to dispose of her estate, and was physically and mentally incapacitated to make the will,— and denied that deceased published and declared the instrument to be her will. A hearing was had and testimony taken in the superior court, findings of fact and conclusions of law were filed, and an order made admitting the will to probate. The court found the competency of the deceased to execute the will; that it was without undue influence, and was duly published and declared as such will. Upon exceptions made by appellant to the findings of fact, we have examined the testimony carefully, and are not disposed to disturb the conclusions of the superior court. The measure of testamentary capacity has been very fully discussed in *Re Gorkow's Estate,* 20 Wash. 563, and it is unnecessary to review the questions here. The only question for consideration in the proceeding to have the will established in probate is as to its validity. The questions which have been discussed by counsel for appellant relative to its construction and the vesting of the real and personal property mentioned in the will are not cognizable in this proceeding, and will not be further considered.

The judgment of the superior court is affirmed.

DUNBAR, FULLERTON and ANDERS, JJ., concur.