TAYLOR v. HILTON.

No. 921, Ind. T.    Opinion Filed March 9, 1909.

(100 Pac. 537.)

1.    WILLS—Proceedings to Probate—Scope.  In a proceeding to pro-
bate a will under Mansf. Dig. Ark .1884, sec. 6521 (Ind. T. Ann.
St. 1899, sec. 3593), the only issue triable is the **factum** of the will
or the question of **devisavit vel non.**

2.    SAME.  Where on a trial of such issue without a jury, the court
finds the testamentary paper produced to be the last will of the
testatrix, it is error to reject from probate any part thereof.

(Syllabus by the Court.)

*Error from the United States Court for the Southern District
of the Indian Territory, at Ardmore;
Hosea Townsend, Judge.*

Application by Rual F. Taylor for the probate of the will
of Maggie Taylor, deceased.  From a decree in favor of contest-
ants, W. L. O. Hilton and another, denying the probate of the
will in part, the proponent brought error to the United States
Court of Appeals for the Indian Territory, whence the cause was
transferred to the Supreme Court of the state of Oklahoma.  Re-
versed and remanded, with directions.

On May 5, 1905, Rual F. Taylor, plaintiff in error, filed in
the office of the clerk of the United States Court for the Indian
Territory, Southern District, at Tishomingo, his application to
be appointed executor of the last will and testament of Maggie
Taylor, deceased, and caused said will to be then and there pro-
bated before said clerk in common form.  Said will is as follows:

"Last Will and Testament of Maggie Taylor.

"I, Maggie Taylor, residing near Bee, in the Indian Terri-
tory, being of sound mind and disposing memory, and knowing
the uncertainty of death, hereby make and publish this my
last will and testament to take effect upon my death; hereby re-
voking all wills previously made.

"I hereby direct that at my death the following disposition shall be made of all my property both real and personal:

"(1)  I direct that at my death, that all my just debts shall be paid out of my estate.

"(2)  Being now possessed and seised of the following described lands situate in the Chickasaw Nation, Indian Territory, being specifically as follows:  (Describing it).  Now, therefore, I hereby will, bequeath, and demise, the same together with all other real estate of which I may be the owner at my demise, unto my said husband, Rual F. Taylor, at my death in fee simple forever, at his death to go to his heirs, and to his assigns, if sold by him before his death.

"(3)  I direct that at my death, that all moneys, credits, and all other personal property of which I am the owner, including all trust funds held by the United States government for Choctaws and Chickasaws shall go to, and become the absolute property of my husband, Rual F. Taylor.

"(4)  I direct that at my death my husband, Rual F. Taylor, shall be appointed executor over my estate, and that he shall be appointed and qualify without giving bond required by law.

"Having made provision for the disposal of all my property, I now declare and publish this as my last will and testament, at Durant, I. T.

"This the 22d day of March, 1905.

"[Signed]                           MAGGIE TAYLOR."

(Certificate of subscribing witnesses omitted.)

On October 25, 1905, W. L. O. Hilton, as guardian for Allie Collins, John Collins, Berry E. Collins, and Virgil Collins, and John D. McCoy for himself, defendants in error, sole heirs of said Maggie Taylor, deceased, filed in said court sitting in probate their objection to the probating of said will on the ground that said will was procured by said Rual F. Taylor, the husband of said Maggie Taylor, deceased, by undue influence, and that at the time the same was made she was mentally incompetent to make the same, and that the same is void.

"They allege further that said will is an attempt to alienate real estate and lands situated in the Chickasaw Nation, which the said Maggie Taylor had received as her proportionate part of the

lands of the Chickasaw and Choctaw Nations in allotment by reason of her being by blood of the Chickasaw Tribe of Indians, and said attempted alienation is contrary to the law and statutes in such cases made and provided and is absolutely null and void."

And they pray that said pretended will be not probated but rejected by proper order of said court.

On July 31, 1907, the cause coming on to be heard before the United States Court for the Indian Territory, Southern District, at Ardmore, sitting in probate, where the same by proper order had been transferred, no jury being demanded, the court, after proper hearing, entered the following order:

"On this the 31st day of July, 1907, came on to be heard the application of Rual F. Taylor for the probating of the last will and testament of Maggie Taylor, deceased, and thereupon came on the protest of W. L. O. Hilton against the probating of that portion of said will of the said Maggie Taylor, deceased, wherein she sought to devise to the said Rual F. Taylor, the following described property, to wit: (Describing it.) And thereupon came both parties in open court and agreed that the said Maggie Taylor at the time of her death was a member of the Chickasaw Tribe of Indians of the mixed blood, and that said land constituted her allotment as a member of said tribe of Indians; said land having been selected by her and allotted to her on the ——— day of ———, 1903. Whereupon, the court being fully advised in the premises, it is ordered and adjudged and decreed that said will and testament of the said Maggie Taylor be, and the same is hereby, probated in all other respects, except in so far as the same undertook to devise and bequeath unto the said Rual F. Taylor, the above-described land, but as to the said land the probate of said will is hereby denied and rejected, and that the action of the clerk of this court heretofore taken probating said will, in so far as the same affects said land, is hereby disapproved and held for naught, to which action of the court in rejecting and denying the probate of said will, in so far as the same bequeathed and devised the said land to the said Rual F. Taylor, the said Rual F. Taylor in open court duly excepted."

From which order Rual F. Taylor prosecuted an appeal to the United States Court of Appeals for the Indian Territory, and the same is now before us for review as successor to that court.

*Claude Hatchett* and *W. A. Ledbetter,* for plaintiff in error.
*A. C. Cruce, W. I. Cruce,* and *W. R. Blakemore,* for defendant in error.

TURNER, J. (after stating the facts as above). It is contended that the court erred in entering that part of said order rejecting the probate of that part of the will of Maggie Taylor devising her allotment. In this we concur and are of the opinion that the court exceeded its jurisdiction in making that part of the order complained of. Under "Proving Wills and Contesting their probate," Mansf. Dig. Ark. 1884, § 6509 (Ind. T. Ann. St. 1899, § 3581), provides:

"An appeal shall lie from the court of probate to the circuit court, and thence to the Supreme Court, upon every order admitting a will to record or rejecting it."

At that time, and ever since its establishment, the United States Court in the Indian Territory had original probate jurisdiction. It is also therein provided: Section 6521 (Ind. T. Ann. St. 1899, § 3593):

"When the proceeding is taken to the circuit court, all necessary parties shall be brought before the court; and, upon the demand of any one of them, a jury shall be impaneled to try which or how much of any testamentary paper produced is or is not the last will of the testator. If no jury be demanded, the court shall determine that question, and the final decision given to call the probate or rejection of the will in question, subject, * * * " etc.

Thus it will be seen that the only issue the court had jurisdiction to try in this proceeding was the *factum* of the will or the question of *devisavit vel non.*

Under this issue the court had no jurisdiction to construe the will or try the validity of any devise therein. This was the effect of that part of the order complained of. 16 En. Pl. & Pr. 1048, says: "In the absence of authority conferred by statute, the court has no power to construe the will or adjudicate upon the rights of the parties or the validity of the dispositions therein"—citing authorities.

*In Re Estate of Mary Cobb,* 49 Cal. 599, an objection was interposed to the probation of a written instrument as a will, on the ground that there was no person or corporation named therein as legatees competent to take, and also on the ground that it did not dispose of any property or estate. There was a demurrer to this ground of objection which was sustained by the probate court and the will admitted to probate. This ruling on demurrer was sustained on appeal by the Supreme Court, which in passing said:

"The instrument offered being evidently of a testamentary character, upon application to admit it to probate, the inquiry is only as to the mental condition of the testatrix: whether she was acting under duress, menace, fraud, or undue influence; whether the will was duly executed; and the like. The other questions attempted to be rasied by the objections filed in the case concern the construction to be placed upon the will, and cannot be considered until it shall have been admitted to probate."

This has been the holding of the courts from an early time. In *Sarah Finch et al. v. Jesse Finch,* 14 Ga. 362, one of the legatees in the alleged will of William French propounded the same for probate. As an objection thereto the next of kin alleged that after the death of William French all the legatees and heirs at law agreed in writing that the same should not be set up, but that the estate should be distributed under the statue, that the propounder had received his share, had not returned any part thereof, and that said agreement had been executed more than nine years before the motion to propound the will. The ordinary refused to probate the will, sustained the plea, and the propounder appealed to the superior court. That court rejected evidence to sustain the plea and held that the same must be confined to the question of *devisavit vel non.* On appeal the Supreme Court sustained the superior court in this ruling, but reversed the case on other grounds, and in passing said:

"After the court had overruled the preliminary motion to dismiss the proceeding, which has already been considered, the caveators moved to introduce evidence in support of their plea; but this the court refused to allow, holding that the only issue to

be tried was the question of *devisavit vel non.*  \*  \*  \*  But the inquiry recurs: Did the court below do right in refusing to entertain jurisdiction over this subject-matter, and confining the parties to the *factum* of the will? By reference to the practice of the Ecclesiastical Courts in England, it will be found that their uniform course is in accordance with the direction given to this case, by his honor, Judge Baxter. Take, as an illustration, the case of *Sappenden v. Walsh,* 1 English Eccl. Rep. Top. p. 100. The will and codicil of Anne Thompson, widow, were propounded for probate; both made during her coverture. The property had devolved to the testatrix partly under the will of Anne Wilson, and partly under the will of Thomas Martin. By the former instrument the property had been left to trustees, for her use, with the power to her of disposing of it 'by any writing purporting to be and in the nature of her last will and testament.' By the will of Thomas Martin, a legacy had been bequeathed 'to her and her heirs, executors and administrators and assigns, absolutely and forever, to and for her and their own sole and separate use and benefit.' Two objections were taken to the probate: First, that Anne Thompson had no right to dispose of her property by will, for want of power from her husband, authorizing her to do so; and, secondly, that the codicil disposes of property not her own, as by the will of Thomas Martin, who bequeathed it to her, it was not left to trustees for her separate use. By Sir John Nicholl: 'The probate of this court does not decide upon the right of disposal. It decides merely upon the *factum* of the instrument. Perhaps if no probate were granted by this court, the person to whom the property is left might be unable to recover it.' Again: 'The second objection is that the codicil disposes of property not her own, because it was not given to trustees for her separate use. If I am at all required to give an opinion as to this point, I apprehend that under the words of this will a court of equity, or any court, would decide that she had a right to enjoy the property independently of her husband; at all events, it is not necessary to decide this point. It is enough for this court to grant its probate.' Let this example suffice; and if the Ecclesiastical Courts in England refuse to adjudge any other questions than probate or no probate, and leave the parties to litigate all other matters in the appropriate forums established for this purpose, the same course should be pursued by the courts of ordinary in this state."

See, also, *Van Wert v. Benedict*, 1 Bradf. (N. Y.) 114; *Waters v. Cullen*, 2 Bradf. (N. Y.) 354.

In *Cox v. Cox*, 101 Mo. 172, 13 S. W. 1056, the court lays down the same doctrine, and quotes approvingly 1, Woerner, § 228, p. 502:

"It is no part of the proceeding on probate to construe or interpret the will or any of its provisions, or to distinguish between valid and void, rational and impossible, dispositions. If the will be properly executed and proved, it must be admitted to probate, although it contain not a single provision capable of execution or valid under the law. Hence the probate does not establish the validity of any of its provisions. This is to be determined by the courts of construction when any question arises requiring their interposition."

See, also, *Murphy v. Black et al.*, 41 Iowa, 488; *Ramsey et al. v. Mary M. Welby*, 63 Md. 584; Gary's Probate Law (3d Ed.) § 232; *Fanny Montrose v. John Byrne, Ex'r*, 24 Wash. 288, 64 Pac. 534; *Ward et al. v. Brown et al.*, 53 W. Va. 227, 44 S. E. 488; *Lilly v. Tobbein*, 103 Mo. 477, 15 S. W. 618, 23 Am. St. Rep. 887.

*Leak's Heirs v. Leak's Ex'r* (Ky.) 73 S. W. 789, was a proceeding by an executor to probate a will. From the judgment of the circuit court reversing an order of the county court denying probate, the heirs appealed. The Supreme Court affirmed the judgment of the circuit court, and in passing said.

"The first question presented on this appeal is whether or not the circuit court erred in holding that the only question before it on the appeal was whether the instrument purporting to be the last will and testament of Mrs. Victoria Ann Leak was, or not, her last will and testament, and refusing to go into the question of whether or not the charitable and religious bequests therein made were void for uncertainty."

The proceedings are under sections 4850 and 4859, Ky. St. 1899, identical to the portions of the sections of Mansfield's Digest, *supra*. The court in construing these sections further said:

"It will be observed that these sections of the statute only authorize the court to try the question of whether the instrument offered for probate is, or is not, the last will and testament of the

decedent. There is no authority given by the statute to construe the instrument purporting to be the will. If the paper is shown by the evidence to have been executed according to the provisions of the statute, and the testator was of sound mind and disposing memory and unconstrained by fraud and undue influence, then the instrument must be admitted to probate. As to whether or not certain devises are void for uncertainty, or for any other reason, that can be determined in a proceeding to put the instrument in execution; but upon an appeal from an order of the county court probating, or refusing to probate, a writing purporting to be a will, the only question is whether or not it was the will of the decedent."

We are therefore of the opinion that, as the court in effect so found and so recited in the order that the instrument offered for probate was executed according to law, that no fraud or undue influence was exerted on the testatrix by Rual F. Taylor at the time, and that the same was in fact her will, the court was without jurisdiction to construe the same or to exclude any part thereof from probate, but should have ordered the same probated as the last will and testament of Maggie Taylor.

The cause is reversed and remanded, with instructions to set aside that part of the order complained of and enter an order in conformity to this opinion.

All the Justices concur.