## NESBIT v. GRAGG *et al.*

No. 2174.   Opinion Filed January 21, 1913.

(129 Pac. 705.)

1.   **WILLS—Probate—Issues Triable.** In a proceeding to probate a
will under the provisions of Mansf. Dig. Ark. 1884, sec. 6521
(Ind. T. Ann. Stat. 1899, sec. 3593), the only issue triable is
the factum of the will or the question of devisavit vel non.

2.   **SAME—Proceedings—Jurisdiction.** In such proceeding the court
lacks jurisdiction to construe the will or determine the rights of
the parties or the validity of any devise therein.

(Syllabus by Brewer, C.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Proceeding by Colbert Gragg and another for the probate
of the will of H. F. Baker, deceased, to which Arthur Nesbit
filed objections. From a judgment in favor of proponents, ob-
jector brings error.   Modified and affirmed.

*Rennie, Hocker & Moore,* for plaintiff in error.

*J. F. Sharp,* for defendants in error.

Opinion by BREWER, C.   This appeal is brought to reverse
the action of the court admitting to probate an instrument pur-
porting to be the last will and testament of H. F. Baker.

On June 25, 1906, Colbert Gragg filed in the office of the
clerk of the United States Court for the Southern District of the
Indian Territory, for probate, the last will and testament of H.
F. Baker, deceased, and asked that he be appointed executor
thereof, as directed in the will.   On November 12, 1906, Arthur
Nesbit filed in said court, sitting in probate, objections and pro-
test against the admission of the will to probate.   The cause
was pending, undecided, at the time of statehood, and was at such
time transferred, by operation of law, to the county court of Mc-
Clain county, and on July 1, 1908, a judgment was rendered
therein, admitting the will to probate.

The will disposed of all the estate, real and personal, of the deceased to his wife, including the homestead allotment of deceased, who was a citizen of the Chickasaw Nation by intermarriage.

Arthur Nesbit, the contestant, set up in his protest that he was an heir of the deceased by adoption; the adoption being made by a special act of the Legislature of the Chickasaw Nation. The grounds of objection were, in brief, that: (1) The will was void, in so far as it attempted to dispose of the homestead allotment of deceased. (2) That it was void because it contained no mention of contestant as an adopted heir. (3) Mental incapacity of deceased; undue influence, coercion, and fraud in procuring the execution of the will.

The will was executed on the 16th day of June, 1905, and the testator died June 7, 1906.

At the hearing of the protest, the protestant, in open court, abandoned the ground of protest relative to the mental capacity of the testator, and that he had been subjected to undue influence, coercion, or fraud in the execution of the will. The court found against the protestant on all the objections stated, and entered a judgment, which, after a lengthy recitation of former proceedings and jurisdictional facts, contains the following:

"Now on this July .1, 1908, the court, being well and fully advised in the premises, finds· that the instrument propounded herein for probation was duly executed by the decedent, H. F. Baker, on, to wit, June 16, 1905, in the city of Purcell, Indian Territory, and that at the time of the execution thereof said testator was of full age, of sound mind and memory; and was not acting under duress, menace, fraud, or undue influence, and that said will was executed in all particulars as required by law; that the said H. F. Baker, testator, died on, to wit, June 7, 1906. The court further finds that the said Arthur Nesbit, under and by virtue of the terms of an act of the Legislature of the Chickasaw Nation, approved September, 1894, is not thereby, under the facts in this case, an heir of the said H. F. Baker, deceased, and not entitled to a distributive share in his estate, and overrules his said protest to the probation of said will. And the court further finds that the said H. F. Baker, deceased, was a citizen of the United States and an intermarried citizen of the Chickasaw

Nation or Tribe of Indians, and as such, at the time of his demise, left an estate consisting in part of a homestead allotment, and that said estate passed to the beneficiary under the said will, said Sarah E. Baker, wife of decedent, upon his demise, unless it should be made to appear that other heirs exist, not provided for under the provisions of said will, and no evidence of which fact is before the court. It is further ordered, adjudged, and decreed by the court that said instrument be admitted to probate as the last will and testament of said H. F. Baker, deceased, and that the same be and is hereby established as a valid will, passing both real and personal estate, and that Colbert Gragg, who is named in such will, is hereby appointed executor of said last will and testament, upon his taking and subscribing the oath of office required by law, and executing a bond to the state of Oklahoma in the penal sum of five hundred dollars ($500.00), and upon the approval thereof as required by law. E. E. Glasco, Judge."

On appeal to the district court, a judgment was rendered, confirming in all things the findings of fact, the conclusions of law, and the judgment thereon of the county court. From this judgment this appeal is prosecuted.

The judgment of the county court as confirmed by the district court, in so far as it admits the will to probate and appoints the executor according to its provisions, is correct. In so far as it attempts to construe the will and the validity of the provisions devising certain items of property, and the status of protestant as an heir, the court exceeded its jurisdiction, and those parts of the judgment are of no force and effect. The case of *Taylor v. Hilton*, 23 Okla. 354, 100 Pac. 537, 18 Ann. Cas. 385, is controlling. In that case, after quoting the sections 6509 and 6521 of Mansf. Dig. Ark. 1884 (Ind. T. Ann. St. 1899, secs. 3581, 3593), the court says:

"Thus it will be seen that the only issue the court had jurisdiction to try in this proceeding was the *factum* of the will or the question of *devisavit vel non*. Under this issue the court had no jurisdiction to construe the will or try the validity of any devise therein."

The court in that case reviews a number of authorities, and quotes 16 Ency. Pl. & Pr. 1048:

· "In the absence of authority conferred by statute, the court has no power to construe the will or adjudicate upon the rights of the parties or the validity of the dispositions therein." (Citing authorities.)

The very interesting questions of whether or not Arthur Nesbit has rights as an heir under the special act of the Chickasaw Nation and the facts of the case, and whether the demise of the homestead allotment is valid where the will was executed before, but the testator died after, the enactment of the law authorizing the devise, are open ones, and no opinion is expressed. These questions could only be determined should they arise in some appropriate proceeding.

The judgment of the county court, confirmed by the district court, should be affirmed as modified herein.

By the Court: It is so ordered.