### LETTS v. LETTS et al.

No. 9391—Opinion Filed Nov. 12, 1918.

(176 Pac. 234.)

**Quieting Title—Wills—Right of Action—Estoppel by Propounding Will—Collateral Attack.**

Willie B. Garner, a Creek citizen, died testate, and by the terms of his will his allotment was devised to his mother for life, with remainder to other devisees, and his mother was named as executrix of his estate. After his death his mother filed a petition in the county court of Wagoner county for the probation of his will and the appointment of herself as executrix of the estate. After due notice the county court probated the will and appointed her as executrix

of the estate, which trust she accepted. In the order of probation the court recited that at the time of the execution of said will the testator was of full age, of sound mind and memory, and that said will was executed in all particuars as required by law. Thereafter his mother instituted this suit in the district court to quiet her title to said allotment upon the theory that, as the sole surviving parent of said Garner, she was entitled to all of said property, and that the testator was a minor at the time of his death, and the disposition of his property by will was void on account of his age. Held, that the petition stated a cause of action in favor of the plaintiff, and it was error to have sustained a demurrer thereto.

(Syllabus by Hooker, C.)

Error from District Court, Wagoner County; Chas. G. Watts, Judge.

Suit by Susan L. Letts, executrix of the estate of Willie B. Garner, deceased, against Charles Haskell Letts, John L. Garner and others. Demurrer to petition by guardian ad litem for defendants, except John L. Garner, who made default, sustained, and judgment entered for defendants, and plaintiff brings error. Reversed, and cause remanded.

A. L. Harris, for plaintiff in error.

Opinion by HOOKER, C. Willie B. Garner, a Creek citizen by blood, died on the 30th day of January, 1915, being at the time unmarried and without issue, and leaving the plaintiff in error, his mother, as the only surviving parent.

Prior to his death he executed a will devising his allotment to his mother for life, with the remainder to the defendants in error, and by the terms of his will he designated the plaintiff in error as his executrix. Shortly after his death the plaintiff in error filed her application in the county court of Wagoner county, asking for the probation of said will, and for the appointment of herself as executrix of said estate.

The petition was set for hearing, and at the proper time the court made an order probating said will, and appointing the plaintiff in error as the executrix of said estate, said order being as follows, omitting caption:

"Now, on this 23rd day of February, 1915, there coming on for hearing the petition of Susan L. Letts to have admitted to probate the paper filed herein on the —— day of February, 1915, purporting to be the last will and testament of Willie B. Garner, deceased; and said petitioner appearing in person and by her attorney, W. B. Moss, and no person or persons appearing to contest the same; and it first being proved that notice of this hearing was given by posting copies of the notice of hearing of the probate of said will in three of the most public places in said Wagoner county, Oklahoma, * * * as required by law; and the court having heard and considered the evidence offered in support of said petition, and being fully advised in the premises, finds that the instrument filed and propounded herein for probate was duly executed by the decedent, and that at the time of the execution thereof said testator was of full age, of sound mind and memory, and was not acting under duress, menace, fraud, or undue influence, and that said will was executed in all particulars as required by law:

"It is therefore ordered, considered, adjudged, and decreed by the court that said instrument be admitted to probate as and for the last will and testament of said deceased, and that the same be, and hereby is, established as a valid will, passing both real and personal estate; and Susan L. Letts, who is named in the will, is hereby appointed executor of said will, upon her taking and subscribing the oath of office required by law, and executing a bond to the state of Oklahoma in the penal sum of $500 and upon the approval thereof as required by law."

The plaintiff in error thereafter qualified as the executrix of this estate, and subsequently she instituted this suit in the district court of Wagoner county against the defendants in error, all of whom, except John L. Garner, were devisees under the will of the decedent, Garner.

In the petition it is alleged by the plaintiff that she is the owner and in the possession of the real estate named therein (being the same devised by the will); that said land was the land allotted to Willie B. Garner, a Creek citizen by blood, duly enrolled on the enrollment record prepared by the Commission to the Five Civilized Tribes, opposite No. 884, and that patents were duly issued to said Willie B. Garner by the proper authorities; that the said Willie B. Garner died on the 30th day of January, 1915, seised of said land, being unmarried and without issue, and leaving this plaintiff as the sole and only heir, his father being dead and as such heir the plaintiff averred that she was the sole and only owner to the fee simple title thereto; that said defendants and each of them claimed some interest in said land by virtue of an alleged last will and testament of the said Willie B. Garner, which had been duly admitted to probate by the county court of Wagoner county, and it is alleged that said will, and the probate thereof, was and is null and void, and inoperative to convey said title to said real estate, for the

reason that the decedent at the time of his death was, according to the enrollment record, a minor under the age of 21 years, having been enrolled on April 24, 1899, as four years of age, and that he was a minor at the time of his death, and by reason of his minority the alienation of said land was by the various acts of Congress restricted, and by the acts of Congress the aforesaid will, and the probate thereof, was and is null and void; that at the time said will was offered to probate to the county court aforesaid plaintiff was unaware that the same was void and ineffective, and subsequently ascertained the true conditions, and that she offered the same for probate through ignorance of the true status of the affairs, but that notwithstanding said will and the probate thereof was 'and is null and void, the same constitutes a cloud upon her title, and she asks that the same be canceled, set aside, and held for naught, and her title to said property fully quieted.

A guardian ad litem was appointed for all of said defendants except John L. Garner, who made default, and the guardian filed an answer of said minors, in which answer he denied the allegations of the plaintiff's petition, and also asserted that by reason of the plaintiff in error having offered the will of the deceased for probate, and having caused the same to be probated, that she was estopped to assert title contrary thereto. Thereafter this cause was tried and the plaintiff introduced her evidence, which substantially corroborates the allegations in her petition.

A demurrer was filed thereto by the guardian ad litem for the infant defendants in error, and the same was sustained and judgment entered for the defendants in said action, and refusing any relief to the plaintiff as prayed for by her.

She has appealed here, and asserts that—

(1) The allottee and decedent being at the time of his death a minor, the alienation of his allotment is by diverse acts of Congress restricted; that a will is an alienation, and therefore in this case void, and did not convey a valid title.

(2) That in the probate of the will the county court was without jurisdiction to construe the will or determine the validity of any devise therein, the only question, presented being that of the factum of the will, or devisavit vel non.

That, since the court was without jurisdiction to determine the validity of the devise, there can be no estoppel against the plaintiff in this action.

This court has held in a number of cases that an alienation by a minor allottee of the Creek Nation of his allotment is void, and that a will is an alienation within the meaning of the act of Congress. See Reid v. Taylor, 43 Okla. 816, 144 Pac. 589; Henley v. Davis, 57 Okla. 45, 156 Pac. 337; Phillips v. Byrd, 43 Okla. 556, 143 Pac. 684; Taylor v. Parker, 33 Okla. 199, 126 Pac. 573.

Under the authority of the act of Congress of April 26, 1906, c. 1876 (34 Stat. at L. 137), the decedent, if of lawful age and sound mind, had the right to dispose of his property by last will and testament, and the limitations imposed by the proviso of the act did not apply to the decedent, for he was not a full-blood Indian, nor did the act of Congress of May 27, 1908, c. 199 (35 Stat. at L. 312), apply to him, for he was not of one-half or more Indian blood. All of these acts, however, provide that only those of lawful age may, by last will and testament, devise and dispose of their property.

Under the law of the state of Oklahoma (section 8338, Rev. Laws 1910) every person over the age of 18 years, of sound mind, may, by last will, dispose of his estate; but, the alienation of an Indian allotment being governed by the act of Congress, the right of an Indian to devise the same must be governed and controlled entirely by the act of Congress pertaining thereto, and it may safely be said, under the various decisions of this court, that minority is a federal restriction, and that an Indian under the age of 21 years did not possess the authority to dispose of his allotment, which was restricted, by will.

Admitting these propositions above stated to be true in this cause, we are confronted with the further question as to whether the act of the plaintiff in error by invoking the jurisdiction of the county court of Wagoner county for the purpose of probating the will of the decedent and obtaining an order admitting the same to probate, and thereafter qualifying as the executrix of the estate under the provisions of said will, will estop her from now asserting title in herself, contrary to the terms of the provisions thereof.

As the further question is presented that inasmuch as the county court of Wagoner county, in admitting said will to probate, made a recitation that the decedent was, at the time of the execution thereof, of full age, and even in the absence of a recitation of that fact in the order admitting the will

to probate, we must assume that the court found that fact to exist. Can the plaintiff in error, having invoked the jurisdiction of the court—a court of admitted jurisdiction —be allowed to collaterally attack the findings of the county court and to impeach and contradict the same?

With reference to this proposition this court in the case of Taylor v. Hilton, 23 Okla. 354, 100 Pac. 537, 18 Ann. Cas. 385, said:

"In a proceeding to probate a will under Mansf. Dig. Ark. 1884, § 6521, * * * the only issue triable is the factum of the will, or the question of devisavit vel non."

And in the body of the opinion the court, speaking through Turner, J., said:

"It is contended that the court erred in entering that part of said order rejecting the probate of that part of the will of Maggie Taylor devising her allotment. In this we concur, and are of the opinion that the court exceeded its jurisdiction in making that part of the order complained of. * * *

"Thus it will be seen that the only issue the court had jurisdiction to try in this proceeding was the factum of the will, or the question of devisavit vel non.

"Under this issue the court had no jurisdiction to construe the will or try the validity of any devise therein. * * *"

In the case of Cox v. Cox. 101 Mo. 172, 13 S. W. 1056, it is stated:

"It is no part of the proceeding on probate to construe or interpret the will or any of its provisions, or to distinguish between valid and void, rational and impossible, dispositions. If the will be properly executed and proved, it must be admitted to probate, although it contain not a single provision capable of execution or valid under the law. Hence the probate does not establish the validity of any of its provisions; this is to be determined by the courts of construction when any question arises requiring their interposition."

And in Nesbit v. Gragg et al., 36 Okla. 703, 129 Pac. 705, the court held that, in a proceeding to probate a will under the provisions of Mansfield's Digest, the only issue triable is the factum of the will, or devisavit vel non, and that in such proceeding the court lacks jurisdiction to construe the will or determine the right of the parties or the validity of any devise therein. This was the law as it existed prior to statehood, and under section 6210, 6211, Rev. Laws 1910, the issue on the probate of a will is the same; that is, the factum of the will, or the question of devisavit vel non. This rule is also followed in Re Allen, 44 Okla. 392, 144 Pac. 1055.

Mr. Thompson in his Law of Wills, § 508, says:

"A decree of probate is generally regarded as in the nature of a judgment in rem, and, in the absence of statutory provisions, is conclusive against all the world, as to the validity of the will, and affirms the title of the beneficiary under the will from the time of the testator's death, relating back so as to make valid whatever has been previously done which under the will, after probate, the beneficiary could lawfully have done.

"An ex parte probate ascertains nothing but the prima facie validity of the will and that the instrument is seemingly what it purports to be. Such probate is conclusive as to the fact that the will was executed, and the proceedings cannot be attacked collaterally; but such probate is conclusive only as to the fact of the valid execution of the will; it adjudicates nothing as to the meaning or operation of the will.

"Although the probate of a will establishes the sufficiency thereof, and confirms the claims of those holding under it so far as to make it evidence of title, it does not determine the title to the property, nor establish the validity of any devise given by it, the will having no greater effect after probate than other legal conveyances."

This court also in Bell v. Fitzpatrick, 53 Okla. 574, 157 Pac. 334, entertaining this view of the effect of probate of said will, we are of the opinion that the petition in this case stated a cause of action, and that it was error to have sustained a demurrer thereto.

The doctrine of estoppel cannot operate as a bar to the right of plaintiff in error to maintain this action.

The judgment of the lower court is therefore reversed and this cause remanded.

By the Court: It is so ordered.