This is an appeal from a judgment of the district court of Canadian county, Okla., directing the county court of Canadian county to admit to probate the last will and testament of Hiram Thomason, deceased. The will was first filed for probate in the county court of Canadian county, Okla., and same was contested by certain heirs of the testator upon the grounds of incompetency, lack of testamentary capacity, undue influence, and that said will was not executed and attested as by law required, and that the signature of the said Hiram Thomason, testator, was procured by fraud on the part of certain beneficiaries named in the will. Upon the trial of the cause in the county court, the court found that no undue influence was exercised over the testator at the time of the execution of the will, and that same was executed and attested as by law required, but that the said Hiram Thomason was mentally incompetent to make a will, did not possess testamentary capacity, and refused to admit same to probate, from which order and judgment of the county court, the proponents of the will appealed to the district court of Canadian county. And upon the trial of the cause before the judge of the district court of Canadian county, the court sustained the validity of the will, and made an order remanding the cause back to the county court of Canadian county, with directions to the county court to admit the will to probate, and to appoint the executrices as provided in the will. From which judgment of the district court, this appeal is prosecuted.
The judge of the district court made findings of fact, wherein he found that the will was properly executed and attested, as required by law, and that no coercion, fraud, or duress, or undue influence was exercised by any one over the said Hiram Thomason at the time of the execution of the will, and that the said Hiram Thomason possessed testamentary capacity to execute his will at the time of its execution, and that he knew and understood the nature and character of the will, and further found that these facts are established and proven by a great preponderance of the evidence. The only question with which the court is here concerned is that of whether or not the will should be admitted to probate.
28 R. C. L. section 379, page 377:
"The functions of probate court when a will is propounded for probate are limited to inquiring and determining whether or not the instrument presented to it is the last will of the decedent which was executed by him in the manner prescribed by statute, and when he was legally competent to execute it, and free from duress, menace, fraud and undue influence. * * *"
This rule is followed in the case of Cox v. Cov, 101 Mo. 172, 13 S.W. 1056; Taylor v. Hilton 23 Okla. 354, 100 P. 537; Lowry v. Hawker (N.D.) 133 N.W. 918, 37 L. R A. (N. S.) 1143; and numerous other authorities subscribe to the same doctrine.
We find no merit in the contention that *Page 63 
the will was not properly executed. It has three attesting witnesses, whose testimony clearly shows that same was executed and attested in due form and unquestionably establishes the fact that the will was subscribed by the testator in the presence of the witnesses, who attested same in the presence of each other and in the presence of the testator, and at the request of the testator, and that it was clearly understood by all parties concerned and present that the instrument subscribed and attested was the last will and testament of the said Hiram Thomason. Some contention is made as to the exact language used by the testator at the time of the execution of the will and upon making the request of the attesting witnesses, but we find no merit in same and do not understand that there is any particular form or manner in which the execution and attestation may be made.
Underhill on the Law of Wills, vol 1, pages 261, 262:
"No particular form of language is necessary to constitute the request to attesting witnesses. * * *"
Allen v. Kinnibrugh, 93 Okla. 42, 219 P. 676, wherein this court announces the following rule:
"Where testatrix requested that her will be prepared, and directed the manner in which her property was to be devised, and the will was prepared as directed and signed by her in the presence of the witnesses, after examining and approving it, though she did not in direct terms state that the instrument was her will, her acts and conduct clearly conveyed to the witness that the instrument was intended as her last will and testament, and were sufficient."
The third proposition urged by the contestants is lack of testamentary capacity on the part of the deceased at the time of the execution of the will, but from a careful examination of the evidence on this point, we find that there is a total lack of evidence sustaining this contention: we find no competent testimony which would indicate that the said Hiram Thomason was not fully competent to execute his will at the time of its execution, and no testimony is disclosed that indicates that he did not fully know and understand the nature and effect of the transaction, and the record further discloses that the will was made in conformity to declarations that the testator had made concerning the disposition of his property prior to the time of the execution of the will, and there is nothing strange or unnatural in the conditions of the will; the testator made such disposition of his property as was proper and natural under the circumstances, and all of the facts and circumstances proven clearly show testamentary capacity of the testator at the time of the execution of his will.
In re Stires' Will, 92 Okla. 276, 219 P. 695, this court held:
"Where the probate of the will is contested, and the testimony is conflicting as to the execution of the will, the judgment of the trial court will not be disturbed if there is any substantial testimony supporting the findings and judgment of the court."
The same rule applies to other facts material to the probating of the will, and it is a well-known rule of law that the burden of proof rests upon the party contesting the will to establish, by a preponderance of the evidence, lack of testamentary capacity on the part of the testator. And from an examination of the record, we find abundant testimony to support each and every finding of fact and the judgment of the trial court, and we therefore recommend that same be affirmed.
By the Court: It is so ordered.