### PARNACHER et al. v. MOUNT.
### No. 4637.

United States Court of Appeals,
Tenth Circuit.

Oct. 30, 1953.

Rehearing Denied Nov. 27, 1953.

Carloss Wadlington, Ada, Okl., Turner M. King, Ada, Okl., on the brief, for appellants.

C. L. McArthur and Claude V. Thompson, Ada, Okl., Hobert G. Orton, Ada, Okl., on the brief, for appellee.

Before BRATTON, HUXMAN, and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

Section 23 of the Act approved April 26, 1906, 34 Stat. 137, 145, as amended by the Act approved May 27, 1908, 35 Stat. 312, 315, provides in presently pertinent part that no will of a full-blood Indian of the Five Civilized Tribes devising real estate shall be valid, if such will disinherits the parent, wife, spouse, or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States court for the Indian Territory, a United States Commissioner, or a judge of a county court in the State of Oklahoma.

Liesiny McLean was a full-blood enrolled Chickasaw Indian. Certain land was allotted to her and it was restricted against alienation. She had children all of whom were full-blood enrolled Chickasaw Indians; and she had a grandchild of seven-eighths degree Indian blood, being the child of a deceased daughter of the allottee. A proposed will of the allottee was prepared by an attorney. The allottee, the attorney, and two other persons appeared before the county judge of Pontotoc County, Oklahoma. In the presence of such county judge, the allottee executed the will, and the two additional persons signed it as attesting witnesses. The will was presented to the county judge for acknowledgment and approval, but he refused to approve it. Thereafter, the allottee, the attorney, and the two attesting witnesses appeared before the county judge of Garvin County. The document was presented to such judge for acknowledgment and approval, and he was told that the county judge of Pontotoc County had refused to approve it. After making inquiry and satisfying himself in respect to material matters, the county judge of Garvin County signed a certificate of acknowledgment and approval of the will. By the terms of the will, the testatrix gave to each of her children and to her grandchild the sum of five dollars, devised and bequeathed in general terms the rest and residue of her property to Houston

B. Mount, and named Mount as executor without bond.

The testatrix died, still owning certain of the land which had been allotted to her as part of her homestead. The will was submitted to the county court of Pontotoc County for probate. The surviving children and the surviving grandchild lodged a contest of the will. The county court refused to admit the will to probate. On appeal, the district court entered its judgment ordering the will admitted to probate and remanding the proceeding to the county court for that purpose. And on appeal to the Supreme Court of Oklahoma, the judgment of the district court was affirmed. Parnacher v. Mount, 207 Okl. 275, 248 P.2d 1021. Soon after that case was decided, the surviving children and the surviving grandchild of the testatrix instituted in the United States Court for Eastern Oklahoma this action against Mount seeking a declaratory judgment that the will was void as to the land in controversy and all other restricted property of the allottee, declaring that plaintiffs were the owners of such real estate in fee simple, quieting their title, decreeing that defendant and those claiming under him be barred from claiming any right, title, or interest therein adverse to plaintiffs, enjoining the defendant from attempting to enforce the provisions of the will, enjoining him from attempting to obtain possession of the land, and enjoining him from having an administrator or personal representative for the estate take possession thereof or disturb plaintiffs' possession. The pivotal question presented to the trial court was whether the county judge of Garvin County had power, authority, and jurisdiction to approve the will. Judgment was entered dismissing the action, and plaintiffs appealed.

■■■ The judgment is challenged on the ground that the county judge of Garvin County had no jurisdiction to approve the will after the question whether it should be approved had been presented to the county judge of Pontotoc County and he had refused to approve it. Section 3(a) of the Act approved August 4, 1947, 61 Stat. 731, 732, 25 U.S.C.A. § 355 note, expressly vests in the State courts of Oklahoma exclusive jurisdiction of all guardianship matters affecting Indians of the Five Civilized Tribes, of all proceedings to administer estates or to probate the wills of deceased Indians of the Five Civilized Tribes, and of all actions to determine heirs arising under section 1 of the Act of June 14, 1918, 40 Stat. 606. The county court of Pontotoc County had jurisdiction to probate the will of the testatrix. In their contest of the will, the contestants—appellants here—pleaded among other things that the will was presented to the county judge of Pontotoc County for acknowledgment and approval; that he refused to approve it; that it was subsequently presented to the county judge of Garvin County; and that he approved it. In refusing to admit the will to probate, the county court determined among other things that the act of the county judge of Pontotoc County refusing to approve the will was conclusive, and that it could not thereafter be approved by another county judge in another county. The district court found the facts in respect to the refusal of the county judge of Pontotoc County to approve the will and the subsequent approval of it by the county judge of Garvin County, but the court concluded as a matter of law that the approval and acknowledgment of a will required by the Act of May 27, 1908, supra, was not an element of the execution and attestation contemplated by the statutes of Oklahoma and was not within the purview of the jurisdiction of the county court or of the district court on appeal in admitting the will to probate. On appeal, the appellants urged that the district court erred in not holding that the purported will was void as to restricted property under the Acts of Congress. The argument submitted was in substance that the power to approve the will carried with it the power to disapprove it; that the act of the county judge in approving or refusing to ap-

prove a will of a full-blood Indian under the Act of Congress is a quasi-judicial act; that it has the force of a judgment of a court of competent jurisdiction; and that the district court erred in concluding that the acknowledgment and approval of the will was not an element of execution and attestation contemplated by the statutes of Oklahoma and therefore was not within the purview of the jurisdiction of the court in admitting the will to probate. But the appellants in that case were unsuccessful in that contention. The supreme court expressly held that the act of the county judge in approving or disapproving a will is a ministerial act; that in approving or disapproving a will county judges are officers of the United States; that the Act respecting approval of a will contains no provision as to venue; that the authority given to county judges by the Act is not such as to render the action of the first one to whom will is submitted final and binding upon all other county judges in the state; and that the will had been properly executed, acknowledged, and approved by a county judge of Oklahoma. The opinion of the court leaves no room for doubt that the court considered, determined, and adjudicated adversely to appellants the validity and effectiveness of the action of the county judge of Garvin County in acknowledgment and approving the will. And even though a question of federal law is presented in a case in a state court, if the court has jurisdiction of the subject matter and of the parties and after hearing enters a judgment which is responsive to the issues and the judgment is affirmed by the highest court in the state, no court of the United States other than the Supreme Court on appeal or certiorari has jurisdiction to review, vacate, or annul such judgment. Even though it is contended that such a judgment involves a denial of federal rights, the question cannot be reviewed in the courts of the United States except on appeal or certiorari to the Supreme Court. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832.

Appellants urge however that the decision of the Supreme Court of Oklahoma in Parnacher v. Mount, supra, is not res adjudicata or otherwise effective here in respect to the validity of the approval of the will by the county judge of Garvin County for the reason that the court did not have jurisdiction to determine that question. It is not argued that the state courts in Oklahoma are without jurisdiction to probate wills of deceased Indians of the Five Civilized Tribes. The argument is that under the law of Oklahoma, the county court has jurisdiction in a proceeding for the probate of a will to determine only the factum of the will; that on appeal in such a proceeding, the district court has only the jurisdiction which the county court had; that on appeal to the supreme court, jurisdiction is limited in the same manner; that the approval of the will of a restricted Indian by a judge of a county court is no part of the factum; and that therefore, the probate court in the first instance, the district court on appeal from the probate court, and finally the supreme court on appeal from the district court, were without jurisdiction to entertain or determine the question whether the will under consideration was valid or void, depending upon whether it had been effectively approved as required by the Act of Congress. The contention is predicated solely upon the law of Oklahoma and many cases are cited and discussed in which the question of jurisdiction of the courts in a proceeding to probate a will was considered. The Supreme Court of Oklahoma has held repeatedly that in a proceeding to probate a will the only matters to be considered and adjudicated are whether the will was executed and attested in the manner and form required by law, whether the testator was of age, whether he had sufficient mentality to make a will, whether he was overreached or was acting under duress, menace, or other fraud, and whether the attesting witnesses were competent and credible; and that in such a proceeding, the court cannot con-

strue or interpret the will, or distinguish between a valid or void disposition of property. Taylor v. Hilton, 23 Okl. 354, 100 P. 537; Nesbit v. Gragg, 36 Okl. 703, 129 P. 705; In re Allen's Will, 44 Okl. 392, 144 P. 1055; Brock v. Keifer, 59 Okl. 5, 157 P. 88; Letts v. Letts, 73 Okl. 313, 176 P. 234; Armstrong v. Letty, 85 Okl. 205, 209 P. 168; In re Thomason's Estate, 115 Okl. 62, 241 P. 739; Courtney v. Daniel, 124 Okl. 46, 253 P. 990; Mantz v. Gill, 147 Okl. 199, 296 P. 441. And on appeal, the issues remain the same as in the county court, the district court having only the power to render such judgment and enter such orders as the county court should have entered or made. Perry v. Smith, 132 Okl. 181, 269 P. 1074; Wise v. Cutchall, 171 Okl. 60, 41 P.2d 864.

The question whether under the law of Oklahoma a county court has jurisdiction in a proceeding to probate the will of a restricted Indian to determine whether the will was acknowledged and approved in the manner required by the federal statute to which reference has been made is not entirely new. It has received judicial consideration. In Homer v. McCurtain, 40 Okl. 406, 138 P. 807, it was held that the county court had such jurisdiction and that its order determining the question was not open to collateral attack for lack of jurisdiction. But that case was overruled in Armstrong v. Letty, supra, where it was held that the acknowledgment and approval of the will of a full-blood Indian required by the federal statute are not elements of the execution and attestation contemplated by the statutes of the state and are not within the purview of the jurisdiction of the county court in its determination whether the will shall be admitted to probate. And that rule was reiterated in Lauderdale v. Tookolo, 114 Okl. 187, 245 P. 587. Whatever the rule of law in Oklahoma may theretofore have been, in Parnacher v. Mount, supra, the court in a proceeding for the probate of the will of a full-blood Indian of the Five Civilized Tribes expressly considered, determined, and adjudicated that the county judge of Garvin County properly acknowledged and approved the will in accordance with the requirements of the federal statute. And conceding without deciding that the court may seemingly have departed from the prior established rule in the state, that fact standing alone does not present a federal question or otherwise affect the conclusiveness of the adjudication. Bristow Battery Co. v. Board of Commissioners, 10 Cir., 37 F.2d 504, certiorari denied, 282 U.S. 843, 51 S.Ct. 23, 75 L.Ed. 748.

The judgment entered in the district court and approved on appeal in Parnacher v. Mount, supra, did not purport to adjudicate in express terms apart from other provisions the validity of the bequest in the will as a conveyance of the restricted Indian land. But one crucial issue presented by the contestants there —the appellants here—was that the will had not been properly and effectively acknowledged and approved. Predicated upon that issue, the contestants sought rejection of the will for probate. But the court of last resort in the state determined that question against the contestants and the decision was not reviewed on appeal or certiorari in the Supreme Court of the United States. The crucial contention presented by the appellants in this cause is that the will was not properly acknowledged and approved. And predicated upon that contention, they seek a declaratory judgment that the bequest to Mount was void as a conveyance of the restricted land. The contention presented and determined against the contestants there was the same contention which is presently presented by appellants here, although the desired relief predicated upon such contention there and here is different. But the contention in respect to the invalidity of the acknowledgment and approval of the will is the same with no difference or distinction. In the proceeding in the state court, the will was also attacked on other grounds. But that litigation centered in part around the question whether the will was properly and effectively approved, and the litigation

here centers entirely around that question. And having suffered an adverse final adjudication in the proceeding in which the state court had jurisdiction of the subject matter and of the parties, appellants cannot litigate the question anew in this action. Angel v. Bullington, supra.

The judgment is challenged on the further ground that the trial court erred in not finding and determining that the purported approval of the purported will was void and ineffective because it was not endorsed upon the purported will itself, but was on a separate sheet of paper. While the certificate of approval was on a separate sheet of paper attached to the will itself, the undisputed evidence was that the certificate was attached to the will on the day that the testatrix and the attesting witnesses appeared before the county judge of Garvin County; and the certificate bearing the signature of the county judge recited that the testatrix acknowledged the execution of the will and it further recited in clear language that the county judge approved it. The certificate met all of the requirements in respect to the acknowledgment and approval of the will and the fact that it was on a separate sheet of paper attached to the will does not render it ineffective. In re Dunlap's Will, 87 Okl. 95, 209 P. 651.

The judgment is affirmed.