**In re BYFORD'S WILL.**

No. 7289—Opinion Filed May 15, 1917.

(165 Pac. 194.)

**1. Wills—Contest—Validity of Execution—Construction.**

While, in a contest over the probate of a will, its construction is not before the court and cannot be determined, yet the court can examine the contents of the will as an incident, where it would aid in determining the validity of its execution.

**2. Same—Execution of Will of Full-Blood Indian—Acknowledgment and Approval.**

The due execution and attestation of the will of a full-blood Indian member of the Five Civilized Tribes, devising real estate, which disinherits a parent, wife, spouse, or children of such Indian, involves the question of whether or not such will is acknowledged and approved by a judge of the United States Court for the Indian Territory, a United States Commissioner, or a judge of a county court of the state of Oklahoma pursuant to Act Cong. April 26, 1906. ch. 1876, sec. 23, 34 Stat. 145, as amended by section 8, Act Cong. May 27, 1908, ch. 199, 35 Stat. 312.

**3. Same—Construction—Disinheritance.**

A devise by a full-blood Indian testator of his real estate, which deprives the parent, wife, spouse, or children of such testator of the estate therein to which they or any of them would succeed upon his death intestate, disinherits such parent, wife, spouse, or children, so deprived, within the provisions of Act Cong. Apr. 26, 1906, ch. 1876 sec. 23, 34 Stat. 145.

**4. Same.**

The will of a full-blood Indian member of the Five Civilized Tribes, devising real estate, which disinherits the parent, wife, spouse, or children of such Indian, is invalid, unless acknowledged and approved in conformity with the provisions of Act Cong. April 26, 1906, ch. 1876, sec. 23, 34 Stat. 145, as amended by Act Cong. May 27, 1908, ch. 199, sec. 8, 35 Stat. 312, and therefore not entitled to probate.

(Syllabus by Rummons, C.)

Error from District Court, Garvin County; F. B. Swank, Judge.

Petition by A. H. Shi for the probate of the will of Ellen Byford, deceased, opposed by Simeon Wesley and others. Judgment admitting the will to probate, and contestants bring error. Reversed and remanded.

W. H. Woods, United States Probate Atty., for plaintiffs in error.

Tom Wallace, for defendant in error.

Opinion by RUMMONS, C. This is a proceeding brought by the plaintiffs in error to reverse the action of the district court of Garvin county admitting to probate the last will and testament of Ellen Byford, deceased. This cause was tried in the court below upon an agreed statement of facts, which is as follows:

"That Ellen Byford was a full-blood Choctaw Indian, and that her restrictions had

never been removed by the Department of the Interior of the United States, or any representative thereof. That the only property that the decedent undertook to alienate by will in this case consisted of real estate and is of the value of about $4,500,- and is composed of her homestead allotment and surplus allotment as a member of the Choctaw Tribe of Indians. That at the time of her death she was an adult, and she has no issue born since March 4, 1906; and that she left no husband surviving her. That the said Ellen Byford died on the 11th day of May, 1914, and at the time of her death she was a resident of Garvin county, Okla. That the will in question herein was duly and legally executed, as provided by the laws of the state of Oklahoma, but the same was not acknowledged before, nor approved by, a judge of the United States Court in the Indian Teritory, nor a United States Commissioner, nor any county judge of the county court of the state of Oklahoma. That at the time of the execution of the will aforesaid the said Ellen Byford was of a sound and disposing mind and memory, and that the will was duly and properly signed, as is provided by the law of the state of Oklahoma on the 17th day of January, 1914, and the will herein is the only will left by the decedent, Ellen Byford, and that the contestants, Simeon Wesley and Nelson Wesley and Edmond Wesley, are direct issue (children) of the said Ellen Byford, and are full-blood Indians. That Joshua Wesley and Florence Bedford, named in said will, are grandchildren of the decedent, Ellen Byford, and are also full-blood Choctaw Indians.

"It is agreed that the sole and only questions to be determined herein are:

"First. Whether or not a full-blood Indian having no issue born since March 4, 1906, in being, may make a valid will disposing of real estate, including her homestead.

"Second. Whether or not under the terms of the will above referred to (which will is hereby referred to, and made a part of this agreed statement of facts), there is such a disinheritance as will bring this will under the supervision of the congressional act of May 27, 1908, necessitating that said will be acknowledged before and approved by a judge of the United States Court of the Indian Territory, or a United States Commissioner, or a judge of the county court of the state of Oklahoma."

The will offered for probate authorized and directed the executor, named therein, to sell all of the real estate of which testator died seised, and directed the payment by said executor of certain legacies as follows: To Nelson Wesley, son of testator, the sum of $500 in installments of $50 every three months; to Edmond Wesley, son of testator, the sum of $400 in installments of $50 every three

months; to Simeon Wesley, son of testator, the sum of $400 in installments of $50 every three months; to Florence Bedford, granddaughter of testator, the sum of $200 in installments of $50 every three months; to Moses Wesley, grandson of testator, the sum of $500 in installments of $50 every three months; and to Joshua Wesley, grandson of testator, all the residue of the estate of testator.

The only question involved in the determination of this case is whether or not the provisions of section 23 of the act of the Congress of April 26, 1906, as amended by section 8 of the act of the Congress of May 27, 1908, governing the execution of wills, devising real estate, by full-blood Indians, are applicable to the will here in question. Said section 23 is as follows:

"Every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein: Provided, that no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian unless acknowledged before and approved by a judge of the United States Court for the Indian Territory, or a United States Commissioner." 34 Stat. 145.

Said section 8 is as follows:

"That section 23 of an act entitled 'An act to provide for the final disposition of the affairs of the Five Civilized Tribes in the Indian Territory, and for other purposes, approved April twenty-sixth, nineteen hundred and six, is hereby amended by adding at the end of said section, the words, 'or a judge of a county court of the state of Oklahoma.'" 35 Stat. 312.

It is argued by counsel for defendant in error that, as it has been held by this court that, in a proceeding for the probate of a will, the only question to be determined by the court is the factum of the will or devisavit vel non, the question of whether or not the provisions of the will are valid and constitute a good devise or bequest was not before the court, and therefore, it having been agreed that the will in question was executed in conformity to the laws of Oklahoma, it was properly admitted to probate.

Unfortunately for defendant in error, this is no longer an open question in this jurisdiction. In the case of Bell v. Davis, 55 Okla. 121, 155 Pac. 1132, this court says:

"Still another point made in one of the briefs as a reason for denying the probate of the will is that its execution was insufficient

because it was not acknowledged before a judge of a United States Court, or a United States Commissioner, or a judge of a county court of the state of Oklahoma. This point depends upon whether or not decedent, a full-blood Indian, left surviving him parents, wife, or children, and disinherited some or all of them; and a consideration of the point does not involve a construction of the will, further than as an incident, and to the extent of determining the validity of its execution. * * * This will having been executed since the passage of the act of May 27, 1908, supra, if it does disinherit such persons, it is insufficient in its execution, as it was not acknowledged before and approved by a judge of a county court of Oklahoma."

In the case of Homer v. McCurtain, 40 Okla. 406, this court holds that whether a will is acknowledged before or approved by a judge of the United States Court for the Indian Territory, a United States Commissioner, or a judge of the county court of the state of Oklahoma, involves the question of due execution and attestation. In re Impunnubbee's Estate, 49 Okla. 161, 152 Pac. 346. Nor does the conclusion reached by this court in the cases above cited conflict with the cases of Taylor v. Hilton, 23 Okla. 354, 100 Pac. 537, 18 Ann. Cas. 385; Nesbitt v. Gragg, 36 Okla. 703, 129 Pac. 705; In re Allen's Estate, 44 Okla. 392, 144 Pac. 1055; and Chouteau v. Chouteau, 49 Okla. 105, 152 Pac. 373—relied upon by defendant in error. In those cases the question whether the formalities and requirements connected with the acknowledgment and approval of wills devising real estate, which disinherited persons belonging to the classes mentioned in said Act of Congress, had been complied with, was not before the court and was not discussed by it.

It therefore follows that the questions whether or not the will in question comes within the provisions of the acts of the Congress of April 26, 1906, and May 27, 1908, as to acknowledgment and approval of the wills of full-blood Indians devising real estate, and whether or not said will has been executed in conformity therewith, were before the trial court for determination and are now before us for consideration. Whether or not this will was duly executed and a valid will under the provisions of the acts of the Congress above referred to depends upon the interpretation and definition of the word "disinherits," contained in the statutes. On behalf of defendant in error, it has been ably and ingeniously argued that the sons of the testator, plaintiffs in error, were not disinherited by the terms of said will, because provision was made for each of them therein. If the word "disinherit"

were given the popular meaning which attaches to it, there might be ground for the contention of the defendant in error; but in construing this act of the Congress we must apply the legal meaning attached to the words used therein. In construing said acts, we must also take into consideration the history of legislation by the Congress with reference to the lands of the Indians and the apparent policy of the Congress in relation thereto.

Black's Law Dictionary defines "inherit": "To take by inheritance. To take as heir on the death of the ancestor." "Disinherit": "The act by which the owner of an estate deprives the person of the right to inherit the same who would otherwise be his heir." Bouvier's Law Dictionary defines "disinherit": "An act by which a person deprives his heirs who, without such act, would inherit." "Disherison" is defined to be: "Disinheriting, depriving or putting out of an inheritance." 3 Words and Phrases, First Series, 2102: "To inherit is to take as an heir at law by descent or distribution." "The word 'inherited' as applied to real estate implies taking immediately from the testator upon his death as heirs." " 'Inherit,' * * * as used in a will directing that testator's grandchildren are to inherit equally as one of his heirs at law, means to take by law and not under the will as one of the heirs at law of the estate. The words 'inherit' and 'heir' in a technical sense relate to the right of succession to the real estate of a person dying intestate, and when used in a statute, as well as in a will or other instrument, they will be taken to have been employed in their legal sense." 4 Words and Phrases, First Series, 3606. "The term 'inherited,' as used in Act of Cong. April 26, 1906, ch. 1876, sec. 22, providing that the adult heirs of any deceased Indian of either of the Five Civilized Tribes, whose selection had been made or to whom a deed or patent has been issued for his share of the lands of the tribe to which he belongs or belonged, may sell the lands inherited from such deceased Indians, is synonymous with the word 'descend' as used in the original agreement with the Creek Nation, approved by Act Cong. March 1, 1901, ch. 676, 31 Stat. 861, and the Supplemental Agreement approved by Act Cong. June 30, 1902, ch. 1323, 32 Stat. 500, and covers those cases where heirs take by purchase as well as by inheritance strictly speaking." 2 Words and Phrases, Second Series, 1070; Shultis v. McDougal (C. C.) 162 Fed. 331.

The history of the legislation by the Congress governing the lands of Indians, and

shows conclusively that it has been the purpose of the Congress as to full-bloods to encourage in every way the keeping and holding by such full-bloods of the lands allotted them and to discourage and restrict the alienation of such lands by the full-bloods. This being the case, we conceive that it was the purpose of the Congress by the provisions of act of March 26, 1906, under consideration, to restrict the alienation by will of the lands of full-blood members of the Five Civilized Tribes from their heirs at law and to throw around the execution of wills made by full-blood members of said tribes, seeking to alienate from their heirs at law the lands which would otherwise descend to them, additional safeguards and formalities. Holding this view of the purpose of Congress, and taking into consideration the legal meaning of the word "disinherit" as defined in the citations above quoted, we have reached the conclusion that any provision attempted to be made in the will of a full-blood member of any of the Five Civilized Tribes, which seeks to deprive or does deprive any heir at law of any part of the estate in lands which he would otherwise inherit by the law of descent and succession of this state upon the death of testator, is an attempt to disinherit such heir, and, if such heirs are of the class of persons described in act of the Congress of March 26, 1906, such will must be executed, acknowledged, and approved in conformity with the provisions of said act, or it will be invalid.

If the testator may bequeath to any heir at law, who is among the class of persons mentioned in said act of Congress, a sum of money in lieu of the estate in his lands which would descend to such heir upon his death intestate, the sufficiency of the sum of money to be bequeathed in lieu of such inheritable interest cannot be determined by the courts as a matter of law, and the validity of the will would be determined upon expert testimony as to the value of real estate, a matter both uncertain and indefinite, or the testator may at his will provide a bequest so small as to be in effect a total disinheritance in the popular acceptation of said term. We feel convinced that a devise by testator of any real estate which deprives an heir at law of the estate to which that heir would succeed upon his death intestate is a legal disinheritance, and such heirs at law are thereby disinherited as to such real estate. Having reached this conclusion, it is apparent from the agreed statement of facts and the findings of the court in the instant case that the will disinherits the plaintiffs in error, and that some of the plaintiffs

in error are among the classes of persons described in section 23 of the act of the Congress March 26, 1906, and that said will, not having been executed, acknowledged, and approved in accordance with the provisions of said act, is invalid and, not being sufficiently executed, was not entitled to probate.

The judgment of the trial court should therefore be reversed, and the cause remanded, with instructions to the trial court to proceed in accordance with this opinion.

By the Court: It is so ordered.