## WILLIFORD et al. v. DAVIS et al.

No. 14762—Opinion Filed Oct. 7, 1924.

Rehearing Denied Jan. 7, 1925.

### 1. Wills—Wills by Full-Blood Indians—Approval and Acknowledgment.

The approval and acknowledgment of the will of a full-blood Indian required by the act of Congress is a requisite to the validity of the devise of restricted lands, and is not an element of due execution and attestation of the will of such Indian.

### 2. Acknowledgment—Execution of Certificate—Necessity—Parol Evidence.

An acknowledgment of an instrument includes the formal execution of a certificate by the officer taking the acknowledgment. Although the statute requiring the instrument to be acknowledged contains no specific provision respecting certification by the officer, yet it will be taken to contemplate this formality, inasmuch as definite and certain evidence of the fact is imperatively demanded. Hence, parol evidence, not to establish omissions or defects in an existing certificate, but to prove the fact of acknowledgment unaided by any certificate, is inadmissible, and where the certificate is absent, the instrument must be treated as not having been acknowledged.

### 3. Same—Lack of Acknowledgment—Office of Curative Statute.

The lack of any acknowledgment is not cured by statute curing defective acknowledgments. Then, for a stronger reason, as in the instant case, where there is no acknowledgment of any kind or character, the failure of the acknowledgment cannot be cured by oral testimony.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Love. County; B. C. Logdson, Judge.

Action by S. H. Davis against J. A. White and Annie White, Alice Williford, Allie Griffin, Rosie Williford, Millie McLish, and Geo. E. Rider, for judgment on promissory notes, and for foreclosure of mortgage on real estate. Judgment for plaintiff, and for J. A. White on cross-petition. Defendants Alice Williford, Allie Griffin, Rosie Williford, Millie McLish, and Geo. E. Rider bring error. Reversed.

Geo. E. Rider, for plaintiffs in error.

Wilkins & Wilkins and McQueen & Kidd, for defendants in error.

Opinion by THOMPSON, C. This action was commenced by S. H. Davis, one of the defendants in error, as plaintiff below, against J. A. White and Annie White, two of the defendants in error, as defendants below, and against Alice Williford, Allie Griffin, Rosie Williford, Millie McLish, and Geo. R. Rider, plaintiffs in error, as defendants below, on two promissory notes of $120 each, executed by J. A. White and Annie White, and for foreclosure of a mortgage on 90 acres of land, given by J. A. White and Annie White, as security for said notes, and for interest, attorney fees, and costs.

The petition is the ordinary form of petition for an action upon promissory notes and for foreclosure of a mortgage on real estate.

The defendants in error J. A. White and Annie White made no contest, but in the petition, alleging that the plaintiffs in error had a claim to some right, title and interest in the real estate, they were called upon to defend and for their answer they interposed, first, a general denial, and for further answer and defense they alleged that the lands described, upon which the mortgage was sought to be foreclosed, had been selected by Frazier McLish, a full-blood Chickasaw Indian, duly enrolled as such, as a portion of his pro rata share of the lands of the Choctaw and Chickasaw Tribes of Indians in Indian Territory, that said Frazier McLish died intestate, and that Millie McLish was the surviving wife of Frazier McLish and, under the laws of the state of Arkansas, which were in force in Indian Territory, was entitled to a one-third dower interest in said lands for her natural life, that Alice Williford, Allie Griffin, and Rosie Williford were the children of Frazier McLish and inherited said lands subject to the dower interest of their mother, that they were the sole and only heirs of the said Frazier McLish, and that they were the owners of the real estate described in the petition, and that each of them were full-blood Chickasaw Indians, duly enrolled as such, that the defendants in error J. A. White and Annie White had been in unlawful possession of said lands since November 15, 1907, and while in such unlawful possession they collected and used the rents and profits therefrom, and that the defendants in error J. A. White and Annie White had no right, title, or interest in said lands at the time they executed the mortgage, sued on in this action, to the defendant in error, S. H. Davis, and were wholly without authority to execute such a mortgage on said lands to secure said notes, that plaintiff in error, Geo. E. Rider had an interest in the lands by virtue of a contract entered into between him and the other plaintiffs in error, that the

plaintiffs in error had instituted an action against the defendants in error J. A. White and Annie White for possession of the lands, and the rents and profits arising therefrom, which action was still pending on appeal in the Supreme Court of this state, and prayed judgment that the defendant in error S. H. Davis take nothing as against them, and that they have judgment against the defendants in error J. A. White and Annie White for the possession of the lands, and $10,000 as reasonable rents and profits therefrom, and that title be decreed in them as valid and perfect, and title be quieted in them, that the mortgage be cancelled, set aside, and held for naught, and removed as a cloud upon the title of plaintiffs in error to said lands.

Defendant in error S. H. Davis replied by way of general denial, and admitted that the lands were allotted to Frazier McLish, and denied that Frazier McLish died intestate, and alleged that Frazier McLish died on or about the 10th day of February, 1907, leaving a will, which was executed in accordance with the laws of the United States of America, and the laws of Arkansas, which were in force in the Indian Territory; that said will, which was executed on the 9th day of July, 1906, and approved by and acknowledged before the Honorable Thomas N. Robnett, United States Commissioner for the Southern District of Indian Territory, First Commissioner's District, in accordance with the Act of Congress of April 26, 1906, had been admitted to probate on the 10th day of March, 1907; that the lands described in the petition were devised to one Julia Kemp, sister of the said Frazier McLish, who became the owner of and in possession of said lands, and from whom title was derived. Then, by way of further reply, he set up the statute of limitation in bar of the right of plaintiffs in error to recover in this action, To said reply was attached a copy of the will of said Frazier McLish, making Julia Kemp the sole devisee of the lands, which, for the purpose of this opinion, need not be copied in the opinion further than to show the action of the United States Commissioner, which is as follows:

"Approved, July 9, 1906, Thomas N. Robnett, U. S. Commissioner for the Southern District, in accordance with the Act of Congress of April 26, 1906."

A copy of the probate proceedings, admitting said will to probate, was also attached.

The plaintiffs in error J. A. White and Annie White also filed a reply, which, in substance, is the same as that of S. H. Davis.

The cause was tried to the court, without the intervention of a jury, and at the close of all the evidence in the case the defendant in error, S. H. Davis, moved for judgment on the notes sued on, and for foreclosure of his lien on the property, described in the mortgage, and the court rendered judgment upon the whole case, that defendant in error S. H. Davis recover the amount due on the notes, and ordered foreclosure of the mortgage, as prayed for, and that the defendant in error J. A. White further recover judgment against the plaintiffs in error, as cross-petitioners, quieting title to the lands in controversy in the said defendant in error J. A. White, and that plaintiffs in error take nothing by reason of their cross-petition.

Motion for new trial was filed by plaintiffs in error, heard, and overruled, exceptions reserved, and from the judgment of the court the plaintiffs in error appeal to this court for review.

There are two questions raised by attorney for plaintiffs in error, which are as follows:

"(1) Said will is void, as to the restricted lands of Frazier McLish, deceased, he being a full-blood Chickasaw Indian, and said will not having been acknowledged by him as required by the Act of Congress of April 26, 1906 (sec. 23, 34 Stat. 137), an acknowledgment being a requisite to the validity of said instrument.

"(2) Millie McLish, the widow of Frazier McLish, deceased, is in any event entitled to her dower in the lands of her deceased husband, under the laws of Arkansas in force in the Indian Territory at the time of his death."

Since the trial of the instant case, and while this appeal has been pending, this court, in the case of McLish et al. v. White, 97 Okla. 150, 223 Pac. 348, has disposed of the question of limitation, and also as to the question as to the conveyance, by a full-blood heir, of inherited lands, adversely to the contention of the defendants in error, and in our opinion this leaves but the one question to be determined here on this appeal, and that is whether the will of Frazier McLish, not having been **acknowledged before and approved by** the officer mentioned in the act, as required under the Act of Congress of April 26, 1906, section 23, 34 Stat. 137, is void to transfer title to restricted real estate, and if the same is ineffective to transfer the title to the devisee in this case, as contended by attorneys for plaintiffs in error, it naturally follows that plaintiffs in error, as the disinherited sur-

viving wife and children of Frazier McLish. are entitled to recover in this case, and the descent will be cast under the laws of inheritance, existing on February 10, 1907, the date of the death of Frazier McLish.

The statute, by which the validity of this will is to be determined, is found in the Act of Congress of April 26, 1906, section 23, 34 Stat. 137, which is as follows:

"Every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein: Provided, that no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States Court for the Indian Territory, or a United States Commissioner."

It is admitted that Frazier McLish, the maker of the will, was a full-blood Chickasaw Indian, duly enrolled upon the approved rolls of said Nation, or Tribe; that the lands involved here were a portion of his allotment and come under the head of "Restricted Indian lands." The act, above quoted, was a special act made for a special purpose, and made specially applicable to the instant case, and should receive, in our opinion, a strict construction. A full-blood restricted Indian, prior to the passage of this act, could not, in any manner, convey any portion of his allotment, and the right to devise the same was withheld from him until the passage of this special act and then the right to transfer title from himself by will after his death was further restricted by the proviso in said statute. The will clearly shows that Millie McLish was the surviving wife of Frazier McLish, deceased; that Alice and Rosie Williford and Allie Griffin were his children, and that by the terms of the will, whereby he conveys the real estate in its entirety to Julia Kemp, his sister, thereby, in effect, disinheriting said wife and children, who are named in the will as bearing such relation to him, although he bequeathed them the sum of one dollar each, brings this will squarely within the proviso of the above quoted act.

This court, in the case of In re Byfords Will, 65 Okla. 159, 165 Pac. 194, has decided that although the legal heirs may be named in the will, if the devisor attempts to deprive such heirs of their rights of inheritance by the terms of the will, that such act is, in effect, a disinheritance of such heirs, and we, on the weight of authority upon this proposition, are of the opinion that the will in the instant case disinherited the surviving wife and children of testator.

As heretofore quoted in this opinion, there in nothing in the will, attached to the replies of the defendants in error, that shows that the will was ever acknowledged before the United States Commissioner, nor is there any certificate of acknowledgment upon said will. The only annotation preceding the signature of Thomas N. Robnett, United States Commissioner is: "Approved July 9, 1906."

The act of Congress, heretofore quoted, in the proviso, says that no will of a fullblood Indian, made under the circumstances set forth in the act and under the circumstances of this case, shall be valid, "unless acknowledged before and approved by a judge of the United States Court for the Indian Territory or a United States Commissioner." It is our opinion that this language is plain and needs no construction at our hands, that Congress said what it meant and meant what it said, that there must be some form of acknowledgment shown upon the will, itself, and that this failure to show some form of acknowledgment cannot be supplied by oral testimony, or by any other means not appearing on the will itself, and this acknowledgment must be placed upon the will at the time that the testator appears before the officer named in the Act of Congress, when he attaches his signature thereto. The will in question was not a valid will until this provision of the statute had been fully complied with, was not a valid will at the time it was executed by Frazier McLish, was not a valid will at the time of his death, and, even if the contention of the defendants in error were correct, it could not have been and was not a valid will until Thomas N. Robnett appeared before the county court and gave oral testimony as to what transpired at the time. This, in our opinion, was not effective to give validity to the will. The several Legislatures of the different states have passed curative statutes, curing defects in acknowledgments, but these curative statutes cannot go to the extent of supplying acknowledgments that do not exist. In the case of United States v. Hiawassee Lbr. Co., 202 Fed. 35, 120 C. C. A., 289, it was held:

"The lack of any acknowledgment is not cured by statute, curing defective acknowledgments."

Then, for a stronger reason, as in the instant case, where there is no acknowledgment of any kind or character, the failure of the acknowledgment cannot be cured by

oral testimony, nor can the lack of acknowledgment be supplied in parol.

This court, in the case of Armstrong et al. v. Letty et al., 85 Okla. 2$5, 209 Pac. 168, has held that:

"The approval and acknowledgment of the will of a full-blood Indian required by the act of Congress is a requisite to the validity of the devise of restricted lands, and is not an element of due execution and attestation of the will of such Indian."

The provision of the statute requires that the will must be "acknowledged before and approved by" one of the officers named in the act. The above quoted opinion holds that both the acknowledgment and approval are prime requisites to the will, and where it appears, as in the instant case, that there is no record upon the will of an acknowledgment of any kind or character, the validity of the will, in our opinion, must be denied.

It is contended by attorneys for defendants in error that there is no form of acknowledgment prescribed in the act itself, and that no certificate of acknowledgment is required. In our view of the case, this being, as defined by all the authorities, a conveyance of real estate to take effect after the death of the testator, that where the statute plainly requires that the same shall be acknowledged there must be some form of acknowledgment upon the will itself. 1 R. C. L. 278, paragraph 55, under the head of "Acknowledgments" defines acknowledgments as follows:

"An acknowledgment of an instrument includes the formal execution of a certificate by the officer taking the acknowledgment. Although the statute requiring the instrument to be acknowledged contains no specific provision respecting certification by the officer, yet it will be taken to contemplate this formality, inasmuch as definite and certain evidence of the fact is imperatively demanded. Hence parol evidence, not to establish omissions or defects in an existing certificate, but to prove the fact of acknowledgment unaided by any certificate, is inadmissible, and where the certificate is absent the instrument must be treated as not having been acknowledged"—citing in support thereof: Thompson v. Scheid, 39 Minn. 102, 38 N. W. 801; Forrester v. Reliable Transfer Co., 59 Wash. 86, 109 Pac. 312; Harrisonburg First Nat. Bank v. Paul, 75 Va. 594, 40 Am. Rep. 740.

At section 59, 1 R. C. L. 60, we find, among other things, it says:

"Parol evidence is not admissible to supply omissions or cure defects nor as a rule can material statements be supplied by inference or presumption."

To the same effect is 1 C. J. 884, paragraph 263, where it is said:

"It is the general rule that the official certificate is the only competent evidence of the fact of acknowledgment; and where such certificate is defective in a matter of substance, evidence aliunde is not admissible to show that the statute was in fact complied with, and that the officer, through mistake, failed to certify the acknowledgment correctly. Accordingly parol evidence is not admissible to supply a material fact which is not shown by the certificate"

—citing a long list of cases from many of the states of this Union.

We are, therefore, of the opinion, based upon the authorities above referred to, that parol testimony was not admissible to supply the failure of any form of acknowledgment in the instant case.

This court, in the case of Proctor v. Harrison et al., 34 Okla. 181, 125 Pac. 479, in passing upon the sufficiency of an acknowledgment to the will under consideration in that case, approved the certificate of the United States Commissioner, attached to the will, which was in the following form:

"State of Oklahoma, County of Hughes—ss:

"Be it remembered, that before me, L. S. Fawcett, a United States Commissioner in and for the Eastern District of the State of Oklahoma, duly appointed and acting as such, on this 21st day of July, 1908, personally appeared Taylor Foley, to me known to be the identical person who executed the foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth, and he stated and declared to me that said instrument was his last will and testament, and that the same was read over to him, and that he fully understood its contents prior to the execution thereof, and said will is now by me approved. In witness whereof, I have hereunto set my hand and official seal the day and year above written. L. S. Fawcett, United States Commissioner for the Eastern District of the State of Oklahoma."

And the court, in giving its approval to said certificate, said:

"It is not necessary to say anything further concerning this position, as it is so manifest that the acknowledgment comes within the purpose of the statute that argument cannot make it clear."

While the above quoted opinion does not say that that is the only acknowledgment that might meet with the approval of the court, yet it does say that there must be some form of acknowledgment to meet with

the requirement of the act, and there being no acknowledgment in any form to the will under consideration here, we must say, as this court said in the case of Armstrong et al. v. Letty et al., supra., that there must be some form of acknowledgment as a prime requisite to the validity of the devise of restricted lands, and that must be upon the face of the will itself, that the failure of the United States Commissioner to show the due acknowledgment of the will by the testator is fatal to the will, and that no rights can accrue to the devisee or to those claiming under her.

We are, therefore, of the opinion that the judgment of the lower court should be and is hereby reversed, and the case remanded for further proceedings in the trial court not inconsistent with this opinion.

By the Court: It is so ordered.