Note.—See under (1) 36 Cyc. p. 1158; 25 R. C. L. p. 769, 4 R. C. L. Supp. p. 1600.

## In re BAPTISTE'S WILL. HOWLAND v. BAPTISTE.

No. 15487—Opinion Filed June 16, 1925.

**1. Wills—Will of Full-Blood Indian—Necessity for Approval and Acknowledgment.**

The approval and acknowledgment of the will of a full-blood Indian required by the act of Congress is a requisite to the validity of the devise of restricted lands, and is not an element of due execution and attestation of the will of such Indian.

**2. Same—"Disinheritance" of Heirs.**

A devise by a full-blood Indian testator of his real estate which deprives the parent, wife, spouse, or children of such testator of the estate therein to which they or any of them would succeed upon his death intestate, disinherits such parent, wife, spouse or children, so deprived, within the provisions of Act of Congress April 26, 1906, ch. 1876, sec. 23, 34 Stat. 145.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by C. G. Howland proponent, against Felice Baptiste, contestant, to reverse the action of the district court, denying probate of the will of Sammy Baptiste. Judgment for contestant. Proponent brings error. Affirmed.

Moore & West and G. A. Spaulding, for plaintiff in error.

H. A. Stanley and J. H. Finley, U. S. Probate Attorney, for defendant in error.

Opinion by THOMPSON, C. This is a proceeding brought by C. G. Howland, plaintiff in error, to reverse the action of the district court of Carter county, denying probate of the last will and testament of Sammy Baptiste, C. G. Howland being the proponent of the will and Felice Baptiste being the contestant.

The parties will be referred to as proponent and contestant as they appeared in the lower court.

Petition was filed in the county court by the proponent for the probate of the will of Sammy Baptiste, by which will he devised to the proponent the east half of the southeast quarter of the southeast quarter, less 2.86 acres for the G., C. & S. F. Railway, in section 13, township 5, south, range 1, east, and the south half of the southeast quarter of section 12, township 5, south, range 1, east, being a part of his surplus allotment as a Mississippi Choctaw Indian, whose name appeared upon the final rolls, approved by the Secretary of the Interior, opposite No. 206, and he devised the remainer of his estate to his mother, Felice Baptiste, and his brothers, Joe and Johnnie Baptiste, and his sister, Louisa Gardner, nee Baptiste, and Madalene Farve, nee Baptiste, who were to share in said remainder, as provided by the laws of the state of Oklahoma, the same as if no will were made. The portion of the will, showing subscription and acknowledgment, is as follows:

"Subscribed by me this 15th day of September, 1917, in the presence of _____ and _____, who affixed their names hereto as witnesses, in my presence and in the presence of each other.

"Sammy Baptiste.

"Witnesses:

"E. E. Chiver, Ardmore, Okla.

"E. J. Chancellor, Ardmore, Okla.

"United States of America,

"Eastern District of Oklahoma.

"I certify that Sammy Baptiste, who executed the above and foregoing instrument, signed same in my presence and in the presence of the witnesses above stated, and acknowledged to me that he executed same for the reasons and purposes therein stated of his own free will and accord; and further that he had neither wife or children, nor any relatives entitled to any part of his estate except those above named.

"Wm. Hutchinson.

"U. S. Commissioner."

The probate of the will before the county court was contested by the mother and Johnnie Baptiste and W. J. Farve, guardian of four minors, Akers, Jane, Lee, and Dolph Baptiste, upon the grounds that the will was not executed and attested as required by law; that Sammy Baptiste was incompetent to make a will; that Sammy Baptiste was under undue influence and his signature obtained by fraud and misrepresentation; that he was a full-blood Mississippi Choctaw Indian, uneducated, inexperienced, wholly addicted to drink and was over-persuaded and overreached in procuring his signature to said will; that Felice Baptiste is the mother of Sammy Baptiste and that both are full-blood Indians and are enrolled under No. 203 and No. 206, respectively; that said alleged will attempts to disinherit Felice Baptiste, the sole heir

of Sammy Baptiste, deecased; that said alleged will of Sammy Baptiste, deceased. was not acknowledged and approved by a United States Commissioner, county judge, or district judge, as required by the Act of April 26, 1906, and amended by Act of May 27, 1908, U. S. Statutes, and that the said will was wholly void.

Reply was filed by proponent by way of general denial, who for further reply alleged that the same was acknowledged and approved as required by the congressional acts above referred to.

The county court admitted said will to probate and appointed Jess Kirby as executor. From the judgment of the county court the contestant, Felice Baptiste, appealed to the district court. After a full hearing by the district court, the district court reversed the judgment of the county court and rendered his judgment denying the probate of the will upon the specific grounds that said will offered for probate is one of a full-blood Indian and attempted to disinherit his mother. Felice Baptiste, a full-blood Mississippi Choctaw Indian. and that said will was not acknowledged and approved by a United States Commissioner, county judge, or United States District Judge, as required by Act of April 26, 1906, and by Act of May 27, 1908, Acts of Congress of the United States pertaining to such matters, and that such will is void and of no effect. That said will was not published. as required by the third paragraph of section 11231, Comp. St. 1921; that the signature of Sammy Baptiste was obtained to said will under the undue influence of C. G. Howland, the beneficiary thereunder. and was not, in fact, the will of Sammy Baptiste, and entered an order denying the probate of the will, and ordered said judgment be certified to the county court of Carter county with instructions to deny the probate of said will in the county court.

Motion for new trial was filed by the proponent, heard and overruled, and exceptions reserved, and the cause comes regularly upon appeal by the proponent to this court for review of said judgment.

The attorneys for proponent present and argue three assignments of error, which are as follows:

"The court erred in holding, first, that said will was not executed, attested and published according to the laws of the state of Oklahoma; second, that said will was not acknowledged before and approved by a United States Commissioner, as required by Acts of Congress; third, that the county court erred in admitting said will to probate for the reason that the execution of said will was procured by fraud and undue influence."

It has been held repeatedly that will contest cases are of purely equitable cognizance. Upon appeal of such cases from the district court to the Supreme Court it is the duty of the Supreme Court to examine the whole record and weigh the evidence; but, the findings and judgment of the district court should not be disturbed because of the insufficiency of the evidence unless it is made to appear that such findings and judgment are against the clear weight of the evidence. In re Wah-kon-tah-he-um-pah's Estate; Heto-op-pe et al. v. Hanna et al., 109 Okla. 126, 234 Pac. 210.

Applying this rule to the evidence here we find that the admitted facts are that Sammy Baptiste was a full-blood Mississippi Choctaw Indian, duly enrolled as such; that he left surviving him as his sole and only heir at law, Felice Baptiste, his full-blood Mississippi Choctaw Indian mother, who is the contestant here; that he was under draft and about to enter the United States service in the World War; that he was an habitual drunkard and some of the witnesses say that he was drunk continuously for months before he entered into service, which was immediately after the execution of the will in contest here; that C. G. Howland, the proponent of the will, was advancing him money from time to time; that he was leasing the lands, described in the will, from the testator; that said proponent procured the services of Wm. Hutchinson, who was his lawyer and at the time happened to be United States Commissioner, and paid him out of his own funds the usual fee for drawing the will, after first having consulted him and after having taken the testator. Sammy Baptiste, to his office for the purpose of executing the will; that on the same day and date he paid the testator the sum of $150 on a lease on the very lands, described in the will, for which he had been paying at the rate of about $40 per year rental for the previous years; that when the testator first spoke to him about making the will he came to him and asked him for money; that the testator did not procure the witnesses, who signed the will, but they were procured by Wm. Hutchinson, who was paid by the proponent to draw the will; that he did not know when he signed his name to the acknowledgment; that he did not know why the will was left in his office. Some of the witnesses testified that Sammy Baptiste could speak the English language very imperfectly, and that he understood it less perfectly and did not have

any intelligent understanding of a legal doc- ument, while others testified that he was a Choctaw Indian of average intelligence.

The Congress of the United States, in its wisdom, in the performance of its duty to protect the full-blood Indian and his heirs and save to him the restricted lands al- lotted to him by the Government of the Unit- ed States, passed its Act of April 26, 1906, section 23, 34 Stat. 137, which is as follows:

"Every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and per- sonal, and all interest therein: Provided, that no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States Court for the Indian Territory, or a United States Com- missioner"

—which was amended by Act of Congress of May 27, 1908, which added to the officers, theretofore authorized to approve and ac- knowledge such wills, the judge of a county court of the state of Oklahoma.

It will be observed that the above quot- ed act makes it obligatory that the officer, named in the statute, must not only require the testator to "acknowledge" the will be- fore him, but he must also "approve" the will, as the language used is that. "The will must be acknowledged before and approved by" such officer.

This court, in the case of Armstrong et al. v. Letty et al., 85 Okla. 205, 209 Pac. 168, says:

"The approval and acknowledgment of the will of a full-blood Indian required by the act of Congress is a requisite to the validity of the devise of restricted lands, and is not an element of due execution and attestation of the will of such Indian."

In the case of Williford et al. v. Davis et al., 106 Okla. 208, 232 Pac. 828, this court held where the acknowledgment was absent the will was not effective for any purpose to deprive a full-blood wife and her children by a full-blood Indian testator of their right to inherit the land of their deceased hus- band and father, and that the same was not in compliance with the Acts of Congress, heretofore referred to, and the omission could not be supplied by oral testimony of the Commissioner. In both of the last mentioned cases it was held by this court that both the "acknowledgment and approv- al" are prime requisites to the validity of a devise of restricted land, and where it ap- pears, as in this case, that there is no ap-

proval upon the will by one of the officers authorized to approve the same, the validity of the will, in our opinion, must be denied. Both the acknowledgment and approval must appear on the will, and the failure of either to appear thereon cannot be supplied by parol proof. The United States Commis- sioner, Wm. Hutchinson, was not acting offic- ially in this case except to take the ac- knowledgment, but was acting as the paid scrivener or attorney for the proponent and received his fee of $2.50 from him for the drawing of the will the same as any other paid counsellor, and when asked why he did not put his approval on the will and at- tach it thereto, he answered, "I don't know." We are clearly of the opinion, under such circumstances, that the court was right in its judgment that the will was not effective where the full-blood Indian testator at- tempted to disinherit his full-blood Indian mother, who, herself, was a full-blood Mis- sissippi Choctaw Indian. This is in full accord with the recent case of Lauderdale v. Tookolo, No. 15842, decided May 26, 1925, vol. 34, O. A. C. R., p. 247, date May 29, 1925.

The fact that he only devised a portion of his allotment to the proponent does not bring the same within the purview of the statute, above referred to, for this court, in the case of In re Byford's Will, 65 Okla. 159, 165 Pac. 194, said:

"A devise by a full-blood Indian testator of his real estate, which deprives the parent, wife, spouse, or children of such testator of the estate therein to which they or any of them would succeed upon his death intes- tate, disinherits such parent, wife, spouse, or children, so deprived within the provisions of Act Cong. Apr. 26, 1906, ch. 1876, sec. 23, 34 Stat. 145."

And, in the body of the opinion, the court said:

"* * * That any provision attempted to be made in the will of a full-blood member of any of the Five Civilized Tribes, which seeks to deprive or does deprive any heir at law of any part of the estate in lands which he would otherwise inherit by the law of descent and succession of this state upon the death of testator, is an attempt to disin- herit such heir, and, if such heirs are of the class of persons described in act of the Congress of March 26, 1906, such will must be executed, acknowledged, and approved in conformity with the provisions of said act, or it will be invalid."

Under the evidence in this case, we are clearly of the opinion that the finding of the court that the signature of Sammy Baptiste was obtained to said will under the undue influence of the proponent, C. G. Howland, is fully supported by the evidence and is

correct, and is not clearly against the weight of the evidence.

We are, therefore, of the opinion that the judgment of the lower court should be, and is hereby affirmed.

By the Court: It is so ordered.