C. J. p. 40, §34; anno. L. R. A. 1916A, pp. 118, 247; L. R. A. 1917D, 148; L. R. A. 1918F, 206; 30 A. L. R. 1000; 28 R. C. L. p. 763; 3 R. C. L. Supp. p. 1593; 4 R. C. L. Supp. p. 1847; 5 R. C. L. Supp. p. 1560.

203 Pac. 194; Callahan v. Nida, 86 Okla. 279, 207 Pac. 968.

Note.—See under (1) 4 C. J. p. 572, §2380.

## HARRIS v. FARRAR.

No. 16447—Opinion Filed Sept. 15, 1925.

Rehearing Denied June 22, 1926.

(Syllabus.)

**Appeal and Error—Dismissal—Duplicitous Appeals.**

Where it is attempted to bring into this court two or more separate and distinct cases not consolidated by one case-made and one petition in error the appeal is duplicitous and will be dismissed.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action between Monroe Harris and F. W. Farrar. From the judgment, the former brings error. Dismissed.

Phillips J. Dickerson, for plaintiff in error.

Grinstead, Scott, Hamilton & Gross, for defendant in error.

PER CURIAM. This case is appealed from the district court of Osage county, and defendant in error moves to dismiss on the ground of duplicity. This appeal embraces three separate and distinct cases, one of which is in no wise related to the other two. Case No. 7281 is an action brought by Monroe Harris v. F. W. Farrar, for an accounting and to cancel an $8,000 mortgage. Farrar filed an answer and cross-petition seeking to foreclose the mortgage. Case No. 7432 is an action brought by F. W. Farrar v. Monroe Harris to foreclose a mortgage for $10 000. These two cases were consolidated by order of the trial court. Case No. 7433 was an action by Wah-to-Sah an Incompetent, by F. W. Farrar, Guardian v. Monroe Harris to foreclose a certain mortgage in the sum of $700. This case has no relation whatever to either of the other two cases, and was not consolidated therewith. A separate judgment was rendered in the case and separate orders made therein all the way through. All three of these cases are attempted to be brought into this court on one case-made and one petition in error.

This appeal is clearly duplicitous and is dism'ssed. Harper v. Stumpf, 84 Okla. 187,

## McCULLAR v. VARNUM.

No. 16244—Opinion Filed Nov. 17, 1925.

Motion to Recall Mandate Denied Jan. 12, 1926.

Appeal from District Court, Hughes County; James I. Phelps, Assigned Judge.

Action between Hillie McCullar and W. F. Varnum. From the judgment, the former appeals. Reversed and remanded.

Linebaugh & Pinson, for plaintiff in error.

Willmott & Roberts, for defendant in error.

PER CURIAM. Upon the authority of Ellis v. Outler, 25 Okla. 469, 106 Pac. 957, this cause is reversed and remanded for a new trial for failure of the defendant in error to file a brief as provided in rule 7 of this court.

## ROGERS et al. v. MOSIER et al.

No. 16692—Opinion Filed Feb. 16, 1926.

Rehearing Denied March 30, 1926.

(Syllabus.)

**1. Wills—Contest Over Probate—Issues—Extent of Construction.**

While in a contest over the probate of a will its construction is not before the court and cannot be determined, yet the court can examine the contents of the instrument to determine whether it is in fact a will, and where a conditional will is propounded and contested upon the grounds that the condition upon which the instrument was to become the will of decedent has been rendered impossible, a consideration of that question does not involve a construction of the will further than as an incident and to the extent of determining the validity of the instrument propounded as a will.

**2. Same—"Conditional Disposition."**

A conditional disposition is one which depends upon the occurrence of some uncertain event, by which it is either to take effect or to be defeated, and a will, the validity of which is made by its own terms conditional, may be denied probate according to the event with reference to the condition.

Error from District Court, Osage County; Jesse J. Worten, Judge.

In the matter of probate of will of W. E. Smith, deceased; Bismark Mosier, an incompetent, by his guardian, and others proponents, and Ella Rogers and another contestants. From order admitting will to probate, contestants bring error. Reversed and rendered.

Johnson & Johnson, for plaintiffs in error.

Robert S. Stuart, Dennison Wheelock, Houston B. Teehee, Horsley & Stith, and Humphrey & Spence, for defendants in error.

PHELPS, J. W. E. Smith, a white man, was married to and lived with Reta Smith, a restricted Osage allottee, and on the 2nd day of September, 1921, they signed, published, and declared an instrument which they termed their "joint will," which was in words and figures as follows:

"Joint Will of W. E. Smith and Reta Smith, Osage Allottee No. 284.

"Know All Men by These Presents:

"That we, W. E. Smith, and Reta Smith, Osage Allottee No. 284, husband and wife, of Fairfax, Osage county, Oklahoma, both being of lawful age and of sound mind and memory, do make, publish and declare this instrument to be jointly as well as severally our last will and testament, hereby revoking all former wills.

"1. All just debts and funeral expenses shall be at all times fully paid.

"2. We therefore desire that all property, real and personal of which we, or either of us, may be possessed at the time of the decease of either of us, shall pass to the survivor in fee and to be and remain his or her absolute property.

"3. In the event of our simultaneous death, and that neither of us survive the other, we give and devise and bequeath our property and estate as follows: W. E. Smith gives, devises, and bequeaths all the property and estate of which he dies seized or possessed to his father. Thomas Smith, and Reta Smith devises and bequeaths the sum of five and no-100 dollars to her sister, Mollie Burkhart, and all the rest, remainder and residue of the property and estate of which she dies seized or possessed she gives and devises and bequeaths to her half-sister, Grace Bigheart or her bodily heirs in the event she is not living.

"4. In the event that said W. E. Smith dies before the death of the said Reta Smith, said Reta Smith further gives, devises and bequeaths the sum of five and no-100 dollars to her sister, Mollie Burkhart, and all the rest, remainder and residue of the property and estate of which she dies seized or possessed to her half-sister, Grace Bigheart, or her bodily heirs, in the event she is not living.

"In witness whereof, we have hereunto set our hands this 2nd day of September, 1921.

"W. E. Smith,
"Reta Smith."

This will was, as to Reta Smith, approved by the Secretary of the Interior as required by law, and while said parties were still living together as husband and wife and while occupying the same bed in their home on the 10th day of March, 1923, at Fairfax, Osage county, Oklahoma, an explosion occurred in the home, resulting in the instant death of said Reta Smith and resulting in injuries to W. E. Smith, from which he died on March 14, 1923.

This so-called joint will was duly admitted to probate as the will of Reta Smith, and her estate distributed according to the terms thereof, and the county court of Osage county found that W. E. Smith died intestate and appointed an administrator of his estate. The estate was duly probated and on the 10th day of September, 1924, distributed to Ella Rogers, his daughter by a former marriage, whom the court found to be his sole surviving heir. Thomas Smith, mentioned in the will as the father of W. E. Smith, having died on May 20, 1925, Bismark Mosier, an incompetent, a nephew of W. E. Smith, deceased, by his guardian V. M. Harry, filed his petition in the county court of Osage county, alleging that he was interested in said estate as an heir of Thomas Smith, his grandfather, and prayed that the so-called joint will be admitted to probate as the last will and testament of said W. E. Smith, deceased. To this petition Ella Rogers filed her petition in contest of such will, to which the county court sustained the demurrer of Bismark Mosier and ordered that the instrument be admitted to probate as and for the last will and testament of said W. E. Smith, deceased, from which order Ella Rogers prosecuted her appeal to the district court of Osage county, which, upon hearing, also found the instrument to be the last will and testament of said W. E. Smith, and ordered that it be admitted to probate, to reverse which Ella Rogers prosecutes her appeal to this court.

It appears from the record that it was stipulated in the county court that the evidence taken when the will was admitted to probate as the last will and testament of Reta Smith should be introduced and considered as the evidence in this case, and in the district court it was stipulated that:

"The parties agree that the instrument

herein offered for probate as the last will and testament of W. E. Smith, deceased, was executed as a will in the manner the same purports to have been executed, and complies with the laws as to requirements of execution, and that W. E. Smith was competent to execute a will at the time the instrument was executed. It is further stipulated that W. E. Smith died at Fairfax, Oklahoma, on March 14, 1923, and that his wife, Reta Smith, died at Fairfax, Oklahoma March 10, 1923; and also that the instrument was executed without undue influence, fraud or duress."

These stipulations contained all the evidence introduced. It will, therefore, be seen that there was no disputed question of fact whatever.

It is the contention of plaintiff in error that the instrument offered for probate was the conditional or contingent will of W. E. Smith—that it was the will of W. E. Smith only upon the happening of one of two contingencies: First, if he died before his wife died, his property, under the terms of the will, should go to his surviving wife, Reta Smith: or, second, if he and his wife died simultaneously, that his property should go to his father, Thomas Smith, and that unless one of these contingencies occurred, it was not his will at all, and that, as it is admitted that he did not die until four days after his wife died the will, upon its face, plus the stipulations, show the nonexistence of the conditions or contingencies upon which the document offered should become the last will and testament of W. E. Smith, and it should not have been admitted to probate.

It is the contention of defendant in error that, inasmuch as the instrument offered recites that it revokes all former wills, and provides for the payment of all just debts and funeral expenses of W. E. Smith, and was, according to the stipulation, executed according to law, it should be admitted to probate as a valid will, leaving the disposition of the property, conditioned upon the existence or nonexistence of the contingencies provided for in paragraph No. 3 of the instrument to be determined after the instrument was admitted to probate. In other words, it is contended that the petition praying for the probate of the instrument, the petition in contest and the demurrer filed thereto, involved matters of construction of the will, to determine which would not be permissible under a contest of the probate of the will. More succinctly stated, it is the contention of proponents that under sections 1106 and 1107, Comp. Stat. 1921, the only issue triable under the pleadings here is the factum of the will, or the ques-

tion of devisavit vel non, and many authorities are cited sustaining that position, with which authorities, as a general proposition, we take no issue, as it is the well-settled law of this state that when a will is presented for probate and objection is made to its admission on the questions there raised, the courts will examine into only the factum of the will, or the question of devisavit vel non, and admit it to probate or reject it irrespective of the general provisions of the will. However, the basic requirement for admitting the instrument to probate "is the factum of the will." In other words, the court must determine that there is a will in fact before admitting it to probate, and for this purpose every will must be construed to the extent of determining whether or not the instrument propounded is in fact a will, and if the instrument propounded, by its terms, fails to come within the legal requirements to constitute a will, it should be denied probate as a will.

In Re Byford's Will, 65 Okla. 159, 165 Pac. 194, in the first paragraph of the syllabus, this court said:

"While, in a contest over the probate of a will, its construction is not before the court and cannot be determined, yet the court can examine the contents of the will as an incident, where it would aid in determining the validity of its execution."

And in the body of the opinion we find this statement:

"It is argued by counsel for defendant in error that, as it has been held by this court that, in a proceeding for the probate of a will, the only question to be determined by the court is the fact of the will, or devisavit vel non, the question of whether or not the provisions of the will are valid and constitute a good devise or bequest was not before the court, and therefore, it having been agreed that the will in question was executed in conformity to the laws of Oklahoma, it was properly admitted to probate.

"Unfortunately for the defendant in error, this is no longer an open question in this jurisdiction. In the case of Bell v. Davis, 55 Okla. 121, 155 Pac. 1132, this court says: 'Still another point made in one of the briefs as a reason for denying the probate of the will is that its execution was insufficient because it was not acknowledged before a judge of the United States court, or a United States commissioner, or a judge of a county court of the state of Oklahoma. * * * And a consideration of the point does not involve a construction of the will, further than as an incident, and to the extent of determining the validity of its execution.'"

And in Homer v. McCurtain, 40 Okla. 406,

138 Pac. 807, this court held that the question whether the will of a full-blood Indian, who disinherited her spouse, is acknowledged by a judge of the United States court, or a United States commissioner, or a judge of the county court, pursuant to Act of Congress April 26, 1906, is a question which involves the due execution and attestation of the will, over which the county court has jurisdiction in the contest of the will.

Therefore, we arrive at the conclusion that upon the petition to probate the instrument, the petition contesting the same, and the demurrer filed thereto, together with the stipulation that Reta Smith died prior to the death of W. E. Smith, the court is authorized to consider the provisions of the will for the purpose of determining the factum of the will, or to determine whether the instrument propounded was in fact the will of the deceased, and having arrived at that conclusion, let us now consider the provisions of the instrument propounded for the purpose of determining whether it was in fact a will.

Section 11229, Comp. Stats. 1921, provides that:

"A will, the validity of which is made by its own terms conditional, may be denied probate, according to the event, with reference to the condition."

And section 11292, Comp. Stats. 1921, provides that:

"A conditional disposition is one which depends upon the occurrence of some uncertain event, by which it is either to take effect or to be defeated."

Then, using these provisions of the statute as a yard stick with which to measure and determine the meaning of the language used in the instrument propounded, we are forced to the conclusion that it was the intention of W. E. Smith for this document propounded to become his last will and testament only upon the condition that he died prior to or contemporaneously with the death of his wife.

Section 11293, Comp. Stats. 1921, provides that:

"A condition precedent in a will is one which is required to be fulfilled before a paricular disposition takes effect."

And section 11228, Comp. Stats. 1921, provides that:

"A conjoint or mutual will is valid, but it may be revoked by any of the testators in like manner with any other will."

It seems clear, therefore, that the instrument propounded was prepared, executed as, and intended to be the conditional mutual will of W. E. Smith and Reta Smith, and was the will of the one first to die, or the will of both if they died simultaneously, and since wills must take effect and become operative at the death of the decedent (Wilson v. Greer, 50 Okla. 387, 151 Pac. 629; Brock v. Kiefer, 59 Okla. 5, 157 Pac. 88), and since the condition making the instrument propounded the will of W. E. Smith was rendered impossible before his death, clearly the mutual conditional will became the will of Reta Smith at her death, only, and was wholly void and of no effect as the will of W. E. Smith. Having reached this conclusion, it is unnecessary to dispose of the other questions discussed in the briefs.

The judgment of the district court is therefore reversed, and judgment rendered for plaintiff in error.

All the Justices concur.