In the Matter of the ESTATE of Pearl POTTER, Deceased.

Linda Charlene CLINE, nee Linda Charlene Sanders, also known as Linda Charlene Sutton, and Jimmy L. Potter, Margaret Pribble, John W. Nelson, Della Ross, Truman McHenry, Myron McHenry, Andy Morris, Chriss Potter, Billy G. Potter, Jessie Lee Potter, Roma Ann Potter and Rilla Welch, Plaintiffs in Error.

v.

Maude McCALLUM, Daisy Phennegar, John C. Keller, Edward Keller, Mary Crawford, William Keller, Joe Keller, Wayne Keller and Sandra Sue Campbell, Defendants in Error.

Nos. 42216, 42232.

Court of Appeals of Oklahoma. Division No. 90.

Nov. 21, 1969.

---

2. On rehearing, 57 O.S. § 138 was declared unconstitutional.

Miles, Miles & Trippet, Beaver, Holcomb & Holcomb, Buffalo, for plaintiffs in error.

James F. Lane, Beaver, Bryant, Cundiff, Shriver & Shanahan, Wichita, Kan., Vance, Hobble, Neubauer, Nordling & Sharp, Liberal, Kan., for defendants in error.

HARRIS, Judge.

This is an appeal from the judgment of the trial court construing a Will in favor of Maude McCallum, Daisy Phenneger, John C. Keller, Edward Keller, Mary Crawford, William Keller, Joe Keller, Wayne Keller and Sandra Sue Campbell, referred to as the "Keller Heirs", defendants in error, in case No. 9011 in the District Court of Beaver County, Oklahoma.

Linda Charlene Sanders is plaintiff in error in case No. 42216. The heirs of Elick Potter, to-wit: Jimmy L. Potter, Margaret Pribble, John W. Nelson, Della Ross, Truman McHenry, Byron McHenry, Andy Morris, Chriss Potter, Billy G. Potter, Jessie Lee Potter, Roma Ann Potter and Rilla Welch, referred to as the "Potter Heirs", are plaintiffs in error in case No. 42232.

The cases have been consolidated on appeal, since each case involves the same subject matter, and all parties will be similarly affected.

Elick Potter and Pearl Potter, husband and wife, who were without children, made their Mutual and Conjoint Last Will and Testament on February 13, 1956, providing, among other things, that upon the death of either testator the surviving testator became the beneficiary of the Will of the deceased. The Will further provided that in the event of the death of both testators by common disaster, specified real estate was devised to Merle Lansden, trustee for the benefit of Linda Charlene Sanders, one of the plaintiffs in error; and that the remainder should be distributed, one-half to the heirs of Elick Potter and one-half to the heirs of Pearl Potter, living at the time of the deaths of testators. It was provided that in the event of the deaths of both testators by common disaster, that Merle Landsen should be executor. No other provision was made for appointment of executor.

Elick Potter died on July 23, 1961, and the Will in question was admitted to probate in Beaver County, Oklahoma. On August 24, 1962, and prior to the distribution of the Elick Potter estate, Pearl Potter died of natural causes. There is no contention that the testators died in a common disaster. On July 19, 1963, the County Court of Beaver County, Oklahoma, entered a final decree of distribution in the estate of Elick Potter, deceased, distributing the estate to the heirs or devisees of Pearl Potter "as their identities might be determined by a court of competent jurisdiction". Upon hearing petition for final decree of distribution in the estate of Pearl Potter, deceased, the County Court of Beaver County, Oklahoma, entered its final decree of distribution, and appeal was had to the District Court of Beaver County, Oklahoma.

The District Court entered its judgment determining that Pearl Potter was the sole beneficiary of the Will of Elick Potter, deceased; that the said Pearl Potter died intestate, and that her heirs were determined to be the defendants in error, known as the Keller heirs.

One issue is whether the conjoint and mutual Will of the testators was sufficient to constitute a Will for both, or whether it

was only sufficient to constitute a Will for the first deceasing testator. Another issue is whether the provisions for the specific devise to Linda Charlene Sanders, and for the residue to be distributed equally between the heirs of each testator, are controlling upon the death of Elick Potter. The plaintiffs in error contend that they are controlling.

██ We are mindful of the principle that a Will should be construed against total intestacy (84 O.S.1961, § 160), and that the intention of the testator should be sought and ascertained in his words. The Court should take into consideration the circumstances under which the Will was made in understanding the feelings the testators may have had for a beneficiary, and thus ascertain his intentions. Savage v. Hill, Okl., 346 P.2d 323.

██ It seems to us that the intention of the testators was clearly expressed in their conjoint and mutual Will. They provided that each should be the sole beneficiary of the Will of the other. Since they had no children, they provided for the exigency that they might die in a common disaster, and neither survive the other. In that event, they made a specific devise to their niece, Linda Charlene Cline, whom they "looked upon as their own child", and made a provision for the residue to be distributed to the heirs of each other. Further, since neither would survive to be named executor of the Will, Merle Lansden was named executor. But this designation was only effective if they died in a common disaster.

We conclude that it was the intention of Elick Potter and Pearl Potter that the instrument in question be the Will of the first one to die, or the Will of both if they died as the result of a common disaster. Since the conditions making the Will of Pearl Potter impossible, because of the prior death of Elick Potter, and in the absence of their death by a common disaster, the instrument was rendered void as a Will with respect to Pearl Potter. Rogers v. Mosier, 121 Okl. 213, 245 P. 36.

Upon the death of Elick Potter, prior to the death of Pearl Potter, she became the sole beneficiary of his Will, and his estate was properly distributed to the unnamed heirs of Pearl Potter by reason of her death prior to such distribution. The provisions of the Will of Elick Potter, with respect to the devise to Linda Charlene Sanders, and for the equal distribution of the residue between the heirs of Elick Potter and Pearl Potter, was not effective upon the death of Elick Potter because the condition, death of the testators by common disaster, was absent.

The judgment of the trial court is affirmed.

BERRY, P. J., and MILLS, J., concur.